## MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY v. STATE OF WISCONSIN EX REL. CITY OF MILWAUKEE.

### ERROR TO THE SUPREME COURT OF THE STATE OF WISCONSIN.

No. 55. Argued November 10, 1919.—Decided March 1, 1920.

When it is claimed that the obligation of a contract is impaired by a state law, this court inclines to accept the construction placed upon the contract by the Supreme Court of the State, if the matter is fairly in doubt. P. 103.

A street railway franchise declared it the duty of the grantee company "at all times to keep in good repair the roadway between the rails and for one foot on the outside of each rail as laid, and the space between the two inside rails of its double tracks with the same material as the city shall have last used to pave or repave these spaces and the street previous to such repairs," unless the company and the city agreed on some other material. In the absence of such an agreement, *held*, that the company's obligation extended to the use of materials

adopted by the city in repaving the rest of the street which were not the same as the city had last used in repaving between and near the rails.  P. 103.

Where a street railway company by franchise contract with a city undertakes to repave between and next its rails with such material as the city used in repaving the rest of the street, and the city's regulatory power in respect of paving has not been precluded by contract, it is for the city to determine in the first instance what kind of pavement the public necessity and convenience demand.  *Held*, in such a case, that the court could not say that it was inherently arbitrary and unreasonable to require the company to instal asphalt on a concrete foundation which the city had adopted to replace macadam and which was more expensive.  P. 104.

A street railway company cannot escape a contractual duty to repave between and next its tracks upon the ground that the expense will reduce its income below six per cent., claimed to be not a reasonable return upon property used and useful in its business.  *Id.*

The Fourteenth Amendment in guaranteeing equal protection of the laws does not assure uniformity of judicial decisions; and there is clearly no ground for the contention that such protection is denied because the state court, after a judgment complained of, rendered another, claimed to be irreconcilable with it on a matter of law, in a suit between strangers.  P. 105.  *Gelpcke* v. *Dubuque*, 1 Wall. 175, and *Muhlker* v. *New York & Harlem R. R. Co.*, 197 U. S. 544, distinguished.

166 Wisconsin, 163, affirmed.

THE case is stated in the opinion.

*Mr. Edwin S. Mack*, with whom *Mr. George P. Miller* and *Mr. Arthur W. Fairchild* were on the brief, for plaintiff in error.

*Mr. Clifton Williams* for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

A petition for a writ of mandamus was brought by the City of Milwaukee in a lower court of the State of Wis-

consin to compel the Milwaukee Electric Railway and
Light Company to pave at its own expense with asphalt
upon a concrete foundation that portion of Center Street,
called the railway zone, which lies between the tracks
and for one foot outside of them.  The paving had been
specifically ordered on November 8, 1915, by a city ordi-.
nance after the city had laid such a pavement on all of the
street except the railway zone.  Theretofore the street had
been paved from curb to curb with macadam.  The com-
pany admitted that the railway zone was in need of re-
paving at that time; but it insisted that under an ordi-
nance of January 2, 1900, which constituted its franchise
to lay tracks on Center Street, it was entitled to repair
with macadam and could not be compelled to repave
with asphalt.

The case was heard in the trial court on a demurrer to
the amended return.  The demurrer was sustained; and
the decision was affirmed by the Supreme Court (165
Wisconsin, 230).  The company having failed after re-
mittitur to file an amended return or take further action,
judgment was entered by the trial court awarding a per-
emptory writ of mandamus directing it to pave the railway
zone as directed in the ordinance.  This judgment also was
affirmed by the Supreme Court (166 Wisconsin, 163).
The case comes here on writ of error under § 237 of the
Judicial Code.  The single question presented is whether
the ordinance of November 8, 1915, is void either under
§ 10 of Article I of the Federal Constitution as impairing
contract rights of the company or under the Fourteenth
Amendment as depriving it of property without due proc-
ess of law.  The ordinance of January 2, 1900, which is
the contract alleged to be impaired by the later ordinance,
provides as follows:·

"Sec. 2.  .  .  .  It shall be the duty of said railway
company at all times to keep in good repair the roadway
between the rails and for one foot on the outside of each rail

as laid, and the space between the two inside rails of its double tracks with the same material as the city shall have last used to pave or repave these spaces and the street previous to such repairs, unless the said railway company and the board of public works of said city shall agree upon some other material, and said company shall then use the material agreed upon. . . ."

The company contends that when this section is read in connection with § 9, it clearly appears that the obligation to repave cannot be imposed.

*First:* The Supreme Court of the State held that the language of § 2 was not distinguishable from that involved in earlier cases in which it had held that a duty to keep "in proper repair" without qualification was broad enough to require repaving and repairing with the same material with which the street was repaved. When this court is called upon to decide whether state legislation impairs the obligation of a contract, it must determine for itself whether there is a contract, and what its obligation is, as well as whether the obligation has been impaired. *Detroit United Railway* v. *Michigan*, 242 U. S. 238, 249. But, as stated in *Southern Wisconsin Ry. Co.* v. *Madison*, 240 U. S. 457, 461, "the mere fact that without the state decision we might have hesitated is not enough to lead us to overrule that decision upon a fairly doubtful point." Among the cases relied upon by the state court is *State ex rel. Milwaukee* v. *Milwaukee Electric Ry. & Light Co.*, 151 Wisconsin, 520, which was cited by this court in the *Madison Case* (p. 461) as a "persuasive decision [s] that the obligation to keep the space 'in proper repair' . . . extends to" repaving the railway zone with asphalt when the rest of the street is being repaved with that material. But the company points to the clause in the ordinance of January 2, 1900, which provides for repair "with the same material as the city shall have last used to pave or repave these spaces and the street,"

and insists that its obligation is, in any event, limited to repaving with such material as the city had last used between the rails. This would put upon the city the burden of paving the whole street in case of any innovation in paving save by agreement of the company and the city. It is not a reasonable construction of the provision.

· *Second:* Granted the duty to repave, and to repave with material other than that last used in the space between the tracks, was it reasonable for the city to require that the pavement be of asphalt upon a concrete foundation—a pavement which involved larger expense? The city alleged in its petition that the use of macadam by the railway was unreasonable, and that it is physically impossible to make a water-tight bond between the waterbound macadam and the asphalt, so as to prevent water from seeping through under the asphalt, causing it to deteriorate in warm weather and to be lifted by freezing in cold weather. The allegation was not expressly admitted by the return and must be deemed to have been covered by its general denial of all allegations not expressly admitted; but neither party took steps to have this formal issue disposed of. The case differs, therefore, in this respect from the *Madison Case,* where there was an express finding that repavement of the railway zone with stone would have been unsuitable when the rest of the street was of asphalt (p. 462). The difference is not material. As the ordinance did not, as a matter of contract, preclude regulation in respect to paving, it was for the city to determine, in the first instance, what the public necessity and convenience demanded. Compare *Fair Haven & Westville R. R. Co.* v. *New Haven,* 203 U. S. 379. We cannot say that its requirement that the railway zone be paved like the rest of the street with asphalt upon a concrete foundation was inherently arbitrary or unreasonable.

*Third:* The company insists that the · ordinance of

November 8, 1915, is unreasonable and void, also, for an entirely different reason. It alleges in its return that for a long time prior to that date the earnings from its street railway system in Milwaukee were considerably under six per cent. of the value of the property used and useful in the business and were less than a reasonable return. It contends that this allegation was admitted by the demurrer; and that to impose upon the company the additional burden of paving with asphalt will reduce its income below a reasonable return on the investment and thus deprive it of its property in violation of the Fourteenth Amendment. The Supreme Court of the State answered the contention by saying, "The company can at any time apply to the railroad commission and have the rate made reasonable." The financial condition of a public service corporation is a fact properly to be considered when determining the reasonableness of an order directing an unremunerative extension of facilities or forbidding their abandonment. *Mississippi Railroad Commission* v. *Mobile & Ohio R. R. Co.*, 244 U. S. 388; *New York & Queens Gas Co.* v. *McCall*, 245 U. S. 345, 350. But there is no warrant in law for the contention that merely because its business fails to earn full six per cent. upon the value of the property used, the company can escape either obligations voluntarily assumed or burdens imposed in the ordinary exercise of the police power. Compare *Missouri Pacific Ry. Co.* v. *Kansas*, 216 U. S. 262, 279; *Chicago, Rock-Island & Pacific Ry. Co.* v. *Arkansas*, 219 U. S. 453; *Missouri Pacific Ry. Co.* v. *Omaha*, 235 U. S. 121.

*Fourth:* The company also insists that the ordinance is void because it denies equal protection of the laws. The contention rests upon the fact that since entry of the judgment below the Supreme Court of the State had decided *Superior* v. *Duluth Street Ry. Co.*, 166 Wisconsin, 487, which the company alleges is not reconcilable with

its decision in this case. The similarity of the ordinances and conditions in the two cases does not seem to us as clear as is asserted. But, however that may be, the Fourteenth Amendment does not in guaranteeing equal protection of the laws, assure uniformity of judicial decisions, *Backus* v. *Fort Street Union Depot Co.*, 169 U. S. 557, 569, any more than in guaranteeing due process it assures immunity from judicial error, *Central Land Co.* v. *Laidley*, 159 U. S. 103; *Tracy* v. *Ginzberg*, 205 U. S. 170. Unlike *Gelpcke.* v. *Dubuque*, 1 Wall. 175, and *Muhlker* v. *New York & Harlem R. R. Co.*, 197 U. S. 544, where protection was afforded to rights acquired on the faith of decisions later overruled, the company seeks here to base rights on a later decision between strangers which, it alleges, is irreconcilable on a matter of law with a decision theretofore rendered against it. The contention is clearly unsound.

As we conclude that there was a contractual duty to repave arising from the acceptance of the franchise, we have no occasion to consider whether there was, as contended, also a statutory duty to do so arising under § 1862, Wisconsin Statutes, which provides that street railways shall "be subject to such reasonable rules and regulations . . . as the proper municipal authorities may by ordinance, from time to time, prescribe."

*Affirmed.*

Mr. Justice Pitney and Mr. Justice McReynolds dissent.