Norma Molitor, a Minor, Pamela Molitor, a Minor, and Ronald Molitor, a Minor, All by Peter Molitor, Their Father and Next Friend, Appellants, v. Kaneland Community Unit District No. 302, Appellee.

Cathy Lee Nelson, a Minor, and Barbara Jo Nelson, a Minor, by Glenn Nelson, Their Father and Next Friend, Appellants, v. Kaneland Community Unit District No. 302, Appellee.

Nancy Meek, a Minor, by Wayne Meek, Her Father and Next Friend, Appellant, v. Kaneland Community Unit District No. 302, Appellee.

Doris Probst, a Minor, by Frank Probst, Her Father and Next Friend, Appellant, v. Kaneland Community Unit District No. 302, Appellee.

Gen. No. 11,460–11,463–11,464 and 11,465
(Consolidated Cases).

Second District, Second Division.

April 4, 1961.

Reid, Ochsenschlager, Murphy & Hupp, and Givler, Meilinger & Casey, of Aurora, for appellants.

Matthews, Jordan, Dean & Suhler, of Aurora, Burrell & Holtan, of Freeport, and Carbary & Carbary, of Elgin, for appellee.

CROW, P. J.

These are appeals from judgments dismissing the common law counts of the respective complaints or amended complaints of certain plaintiffs, minor school children, who were injured in a school bus accident occurring in Kane County, Illinois, on March 10, 1958. The Supreme Court in Molitor v. Kaneland Community Unit Dist. No. 302 (1959) 18 Ill. 2d 11, 163 N.E.2d 89, hereinafter referred to as the "Thomas Molitor case", abolished the tort immunity of school districts, holding that a school district is liable in tort for the negligence of its employees. The court held that Thomas Molitor, the only appellant in that case, could recover against the defendant, Kaneland Community Unit District No. 302, on its common law liability. The minor plaintiffs in these present appeals were injured in the same school bus accident. The trial court here, in dismissing the common law counts in the respective complaints or amended complaints of these minor plaintiffs-appellants, held that the Supreme Court's opinion in the Thomas Molitor case barred recovery as to these plaintiffs. These plaintiffs elected to stand on those counts of their respective complaints or amended complaints, final judgments for the defendant were entered, and these appeals followed. By stipulation of the parties and on order of this court, all of the cases are consolidated here.

It appears from the allegations of the complaints or amended complaints that on March 10, 1958 a school bus of the defendant Kaneland etc., driven by its em-

ployee, left a road, hit a culvert, exploded, and burned. All of the plaintiffs, including Thomas Molitor, and including the plaintiffs-appellants here, were passengers on the bus and were injured. There were four suits. One is Gen. No. 11460 in the trial court, by Norma Molitor, Pamela Molitor, Ronald Molitor, and Thomas Molitor, minors, by Peter Molitor, their father and next friend. Another is Gen. No. 11463 in the trial court, by Cathy Nelson and Barbara Nelson, minors, by Glenn Nelson, their father and next friend. Another is Gen. No. 11464 in the trial court by Nancy Meek, a minor, by Wayne Meek, her father and next friend. And another is Gen. No. 11465 in the trial court by Doris Probst, a minor, by Frank Probst, her father and next friend. The complaint in the first case, Gen. No. 11460, was in four counts, one for each of the plaintiffs therein, Norma, Pamela, Ronald, and Thomas Molitor. The defendant filed a motion to dismiss that complaint, the plaintiffs filed a motion to strike the motion to dismiss, the Court denied the plaintiffs' motion to strike and granted the defendant's motion to dismiss, and one of the plaintiffs, Thomas Molitor, elected to stand on the complaint, the cause was dismissed as to him, and he took an appeal, which eventually resulted in Molitor v. Kaneland Community Unit Dist. No. 302 (1959) 18 Ill.2d 11, 163 N.E.2d 89, reversing the Appellate Court and remanding the cause with directions to set aside the order dismissing the complaint and to proceed in conformity with the views therein expressed. Meanwhile, the other plaintiffs in that case, Norma, Pamela, and Ronald Molitor filed an amended complaint, in six counts, two counts for each of those remaining plaintiffs in that case. The defendant filed motions to dismiss Counts I, III, and V of that amended complaint, being the common law counts as to each of those three respective plaintiffs, those plaintiffs filed motions to

473

strike the motions to dismiss, the Court denied the plaintiffs' motions, granted the defendant's motions, and dismissed Counts I, III, and V, those plaintiffs elected to stand on those Counts, and took one of the present appeals therefrom. Similarly, in Gen. Nos. 11463, 11464, and 11465, the defendant filed motions to dismiss the common law counts, the respective plaintiffs filed motions to strike the motions to dismiss, the court denied the plaintiffs' motions, granted the defendant's motions, and dismissed those particular counts, the respective plaintiffs elected to stand on those counts and took their respective present appeals therefrom.

The trial court interpreted the opinion of the Supreme Court in the Thomas Molitor case as denying recovery to these minor plaintiffs-appellants injured in the same occurrence.

The plaintiffs-appellants here say the issue is strictly a question of construction of the opinion in Molitor v. Kaneland Community Unit Dist. No. 302 (1959) 18 Ill.2d 11, 163 N.E.2d 89, and they argue that the Supreme Court's opinion in that Thomas Molitor case should not be construed as the trial court construed it; that it affords rather than denies these plaintiffs the same rights as it does Thomas Molitor; that the interpretation of the trial court, if that be the true intent of the opinion, would violate Federal and State constitutional guarantees of due process, equal protection under the law, and freedom from arbitrary and discriminatory classification; and that such an interpretation would suggest that the Supreme Court disregarded the historical duty of courts to protect all minors' interests.

It is the theory of the defendant-appellee that the decision in Molitor v. Kaneland Community Unit Dist. No. 302 (1959) 18 Ill. 2d 11, 163 N.E.2d 89 clearly denies recovery to any plaintiff except Thomas Moli-

474

tor and admits of no other interpretation, and that subsequent proceedings in the Thomas Molitor case in the Illinois Supreme Court and in the Supreme Court of the United States, as well as later decisions of the Illinois Supreme Court, confirm this construction.

The Supreme Court in Molitor v. Kaneland Community Unit Dist. No. 302 (1959) 18 Ill. 2d 11, 163 N.E.2d 89 departed from stare decisis and abolished the rule of sovereign immunity from tort liability as applied to School Districts, but further held that the rule it there announced would be applied prospectively only and would not be applied retrospectively or retroactively, with the exception indicated by the Court. The Court said, page 26–27:

> "In here departing from stare decisis because we believe justice and policy require such departure, we are nonetheless cognizant of the fact that retrospective application of our decision may result in great hardship to school districts which have relied on prior decisions upholding the doctrine of tort immunity of school districts. For this reason we feel justice will best be served by holding that, except as to the plaintiff in the instant case, the rule herein established shall apply only to cases arising out of future occurrences."

In the dissenting opinion of Justices Davis and Hershey the present problem was foreshadowed when it was said, p. 42, "When we consider that under the court's decision only Thomas Molitor can recover even though the other pupils were similarly injured in the same accident, the position of the court becomes even less tenable." And as appears from the partly concurring and partly dissenting opinion Justice Bristow withheld assent from the majority opinion to the extent it is subject to the construction imparted to it by

the dissenting opinion, and it also appears therefrom that the Court had denied leave to Thomas Molitor's brother and sisters (Norma, Pamela, and Ronald, being among the present plaintiffs-appellants) to intervene in the Supreme Court and request a clarification of the majority opinion.

Ronald Molitor, one of the present plaintiffs-appellants, filed a petition for writ of certiorari in the Supreme Court of the United States from the Thomas Molitor case, and that was denied: 362 US 968, 4 L. Ed. 2d 900.

We believe Molitor v. Kaneland Community Unit Dist. No. 302 (1959) 18 Ill. 2d 11, 163 N.E.2d 89 means that, except as to the plaintiff-appellant there concerned, Thomas Molitor, the rule there announced abolishing the immunity from tort liability which was enjoyed by School Districts prior to that case does not have retrospective or retroactive application to cases arising out of occurrences prior to December 16, 1959, the date that the opinion in the Thomas Molitor case was filed, and that, except as to him, the rule established in that case applies prospectively only to cases arising out of future occurrences. See: List v. O'Connor (1960) 19 Ill. 2d 337, 167 N.E.2d 188; Peters v. Bellinger (1960) 19 Ill. 2d 367, 166 N.E.2d 581; Miller v. City of Chicago (1960) 25 Ill. App. 2d 56, 165 N.E.2d 724. The full title of Molitor v. Kaneland Community Unit Dist. No. 302 (1959) 18 Ill. 2d 11, 163 N.E.2d 89 in the Supreme Court was "Norma Molitor, a minor, Pamela Molitor, a minor, Ronald Molitor, a minor, and Thomas Molitor, a minor, all by Peter Molitor, their father and next friend; Thomas Molitor, a minor, by Peter Molitor, his father and next friend, appellant v. Kaneland Community Unit District No. 302, appellee." The appeal was by Thomas Molitor only from a judgment dismissing the com-

plaint which was by Norma, Pamela, Ronald, and Thomas but on which Thomas alone elected to stand. The Supreme Court was fully aware that there were other plaintiffs involved—Norma, Pamela, and Ronald—who are among the plaintiffs-appellants in this present appeal. In giving its decision prospective application only it made but one exception—as to the plaintiff-appellant Thomas Molitor. There is no excepting language, or any reserving or limiting language as to anyone else. Ample opportunity was presented by the dissenting opinion and the partly concurring and partly dissenting opinion and by the petition of Norma, Pamela, and Ronald for leave to intervene and requesting clarification for the Court to make additional exceptions if it wished. But it did not do so. It is our duty, and that of the trial court, to follow the Supreme Court's decision as we understand it: Agricultural Transp. Ass'n v. Carpentier (1953) 2 Ill. 2d 19, 116 N.E.2d 863.

For the reasons stated we believe that the Trial Court properly dismissed the common law counts of the complaints or amended complaints of these plaintiffs-appellants and entered judgments for the defendant.

The respective judgment orders will, therefore, be affirmed.

Affirmed.

SPIVEY, J. and WRIGHT, J., concur.