BROWNING *v.* PADDOCK.

COURTS — PRECEDENTS — HOSPITALS — NEGLIGENCE — EQUALLY DI-
VIDED COURT.

Summary judgments for defendant hospital in action for negli-
gent injuries inflicted by its employees are affirmed, where
judgments had been entered before announcement of "new
rule" by 4 of the 7 members of the Supreme Court participating
in a decision which was then declared to apply to that case and
to all future causes of action arising after the filing of. the
opinions therein, a majority of all 8 of the members of the
Supreme Court not having embraced the so-called "new rule"
imposing liability upon eleemosynary institutions for negligence
of their employees, the court being equally divided as to wheth-
er the announcement effected a new rule of law.

Appeal from Wayne; Gilmore (Horace W.), J.
Submitted January 3, 1961. (Docket Nos. 10, 11,
Calendar Nos. 48,478, 48,479.) Decided September
22, 1961.

Actions in case and assumpsit by Bessie Browning
against George Paddock and Doctors Hospital, a
Michigan corporation, for personal injuries sus-
tained by reason of burns inflicted during therapy
treatment. Similar action by Isaac Browning for
medical expense. Cases consolidated for trial and
on appeal. Summary judgments of no cause of
action as to defendant hospital. Plaintiffs appeal.
Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
3 Am Jur, Appeal and Error § 1160; 26 Am Jur, Hospitals and
Asylums § 12.

*Samuel W. Barr* (*Sanford N. Lakin,* of counsel), for plaintiffs.

*Mansfield, DeWitt, Sulzbach & Jenkins,* for defendants.

*Amicus Curiae:*

*Marcus, Kelman, Loria, McCroskey & Finucan* (*Sheldon Otis,* of counsel), *in propriae personae.*

Dethmers, C. J.  In *Parker* v. *Port Huron Hospital,* 361 Mich 1, the majority opinion of 4 of the 7 Justices of this Court participating in the case undertook to change the law in Michigan by overruling the long and consistent line of decisions of this Court upholding the doctrine of immunity of an eleemosynary institution from liability for the negligence of its employees.  In that opinion it was said that its so-called "new ruling" should apply to that case and to all future causes of action arising after September 15, 1960, the date of filing of that opinion.

On that date the instant cases, consolidated for purposes of trial and appeal, were pending in this Court on appeal.  Their common cause of action, predicated on liability of defendant charitable hospital for negligence of its employees, had arisen in February of 1957, just 5 years after the arising of the cause of action in *Parker*.  On October 2, 1959, summary judgments for defendant hospital had been entered below.  From those judgments plaintiffs had appealed here.

These consolidated cases were briefed and argued here in the October, 1960, term on much the same theories, on both sides, as in *Parker*.  The results in the *Parker Case* were then called to the attention of counsel.  The cases were put over, accordingly,

until the January, 1961, term of this Court to permit
further briefing in the light of *Parker.*

It is now urged by plaintiffs, *inter alia,* that the
majority opinion in *Parker* is, in effect, "judicial leg-
islation" and that permitting recovery under it to
plaintiff in *Parker* but denying it to plaintiffs here
because their cause of action, which accrued after
that in *Parker,* had arisen before the filing of this
Court's opinions in *Parker,* would constitute denial
of the equal protection of the laws.

In response to all this, I would say that, a ma-
jority of the entire membership of this Court not
heretofore having embraced the "new ruling"
through participation in Court decision, I continue to
adhere to the views expressed in Mr. Justice CARR's
opinion in *Parker.* Consequently, I favor affirmance
of the summary judgments for defendant hospital
based on the doctrine of charitable immunity.

Affirmed, with costs to defendant hospital.

CARR and KELLY, JJ., concurred with DETHMERS,
C. J.

KAVANAGH, J. (*concurring*). These cases come
under the rule of the majority opinion in *Parker* v.
*Port Huron Hospital,* 361 Mich 1. The majority
decision applied to that case and to all future causes
of action arising after September 15, 1960, the date
of filing that decision. See similar treatment by the
Illinois supreme court in the case of *Molitor* v. *Kane-
land Community Unit District No. 302,* 18 Ill2d 11
(163 NE2d 89), and in a subsequent case of *Molitor*
v. *Kaneland Community Unit District No. 302,* 29
Ill App2d 471 (173 NE2d 599).

Plaintiffs in the instant cases argue that permit-
ting recovery by plaintiff in *Parker,* but denying
recovery to these plaintiffs would constitute denial
of equal protection of the laws, contrary to the State

and Federal Constitutions, since these causes of action arose after that in the *Parker Case,* but prior to the date of filing the *Parker* opinion.

The Court said in *Parker* (p 26):

"There can be no question of the right of this Court to make the application of the new doctrine prospective or retroactive. See discussion in opinion of Justice Cardozo in *Great Northern R. Co.* v. *Sunburst Oil & Refining Co.,* 287 US 358, 364–366 (53 S Ct 145, 77 L ed 360, 85 ALR 254)."

The same argument was made in *Great Northern R. Co.* v. *Sunburst Oil & Refining Co., supra,* as in the instant cases. In the *Sunburst Case* Justice Cardozo said (pp 364–366):

"We think the Federal Constitution has no voice upon the subject. A State in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward. It may say that decisions of its highest court, though later overruled, are law nonetheless for intermediate transactions. Indeed there are cases intimating, too broadly (*cf. Tidal Oil Co.* v. *Flanagan,* 263 US 444 [44 S Ct 197, 68 L ed 382]), that it *must* give them that effect; but never has doubt been expressed that it *may* so treat them if it pleases, whenever injustice or hardship will thereby be averted. (Citing cases. ) On the other hand, it may hold to the ancient dogma that the law declared by its courts had a Platonic or ideal existence before the act of declaration, in which event the discredited declaration will be viewed as if it had never been, and the reconsidered declaration as law from the beginning. (Citing cases.) The alternative is the same whether the subject of the new decision is common law or statute. (Citing cases.) The choice for any State may be determined by the juristic philosophy of the judges of her courts, their conceptions of law, its origin and nature. We review not the wisdom of their philosophies, but the

legality of their acts. The State of Montana has told us by the voice of her highest court that with these alternative methods open to her, her preference is for the first. In making this choice, she is declaring common law for those within her borders. The common law as administered by her judges ascribes to the decisions of her highest court a power to bind and loose that is unextinguished, for intermediate transactions, by a decision overruling them. As applied to such transactions we may say of the earlier decision that it has not been overruled at all. It has been translated into a judgment of affirmance and recognized as law anew. Accompanying the recognition is a prophecy, which may or may not be realized in conduct, that transactions arising in the future will be governed by a different rule."

No constitutional right was denied plaintiffs in the instant cases by the decision in *Parker*.

Prior to the *Parker Case* plaintiffs did not have a cause of action and did not acquire or lose one because of the *Parker* decision. See *Milwaukee Electric R. & Light Co.* v. *State of Wisconsin, ex rel. City of Milwaukee,* 252 US 100 (40 S Ct 306, 64 L ed 476, 10 ALR 892), affirming 166 Wis 163 (164 NW 844).

See, also, treatment of the Wisconsin supreme court in *Kojis* v. *Doctors Hospital,* 12 Wis2d 367 (107 NW2d 131), following *Parker* v. *Port Huron Hospital* and in a subsequent amended opinion in the same case recorded in 12 Wis2d 367 (107 NW2d 292), making the opinion prospective from the date of the filing of the decision, except that it was immediately made applicable to the case therein decided.

Affirmed. Defendant hospital shall have costs.

TALBOT SMITH, EDWARDS, and SOURIS, JJ., concurred with KAVANAGH, J.

Black, J. (*concurring*). Had I been eligible to participate in the decision of *Parker* v. *Port Huron Hospital*, 361 Mich 1, and had the majority decision been one to overrule prospectively per affirmance of the supreme court of Montana by *Great Northern R. Co.* v. *Sunburst Oil & Refining Co.*, 287 US 358 (53 S Ct 145, 77 L ed 360, 85 ALR 254), I would have signed the prevailing opinion as written by Mr. Justice Kavanagh. Which is to say that I agree fully with his opinion save only that part which assigns *Sunburst* as authorizing judgments in favor of Mr. Parker and Mrs. Parker's administrator.

While the point is academic now, it would seem that affirmance in *Parker* might well have been planted on the disclosed fact of insurance and resultant waiver of immunity. See to the point *Christie* v. *Board of Regents of University of Michigan*, 364 Mich 202, and *Williams* v. *City of Detroit*, 364 Mich 231. To which I would add that private and non-profit hospitals may lawfully protect themselves by such insurance. That they may or do differ in such regard, from municipal corporations, is pointed up in *Williams*.

With respect to the question raised by plaintiffs Browning, also by parties *amicus*, that *Parker* effects an invidious discrimination against them, I hold with Chief Justice Dethmers that *Parker*, for want of a majority of the membership of the Court, decided *Parker* only. On that ground I find that *Parker* lays down no rule upon which it may be said that an actionable infringement of State and Federal guaranties of equal protection was done or accomplished by *Parker*.

I vote to affirm.