STEVENS v. McNAMARA.

HOSPITALS—NEGLIGENCE—RENUNCIATION OF LIABILITY.
   Action for negligent injuries to patient in hospital was properly
      dismissed as to defendant charitable hospital, where it arose
      prior to time of decision of Supreme Court prospectively re-
      nouncing doctrine of immunity of such an institution from
      liability for negligence of its agents and servants.

Appeal from Ingham; Coash (Louis E.), J. Submitted October 3, 1961. (Docket No. 3, Calendar No. 48,998.) Decided March 15, 1962.

Case by Marjorie Stevens, administratrix of the estate of Wayne H. Stevens, deceased, against Edward McNamara, Walter Mercer, and Sisters of Mercy, a nonprofit corporation operating St. Law-

REFERENCES FOR POINTS IN HEADNOTES
10 Am.Jur, Charities § 140 *et seq.*

rence Hospital, for negligence resulting in death of husband. Action dismissed on motion as to Sisters of Mercy. Plaintiff appeals. Affirmed.

*Parks, Church & Wyble (F. Merrill Wyble* and *Leland W. Carr, Jr.,* of counsel), for plaintiff.

*Mitts, Smith, Haughey & Packard (F. William Mc-Kee,* of counsel), for defendant Sisters of Mercy.

SOURIS, J. Plaintiff administratrix started this suit in 1959 against a charitable hospital and 2 doctors to recover damages for the death of her decedent allegedly caused a year earlier by defendants' negligence. A few days after this Court's decision in *Parker* v. *Port Huron Hospital,* 361 Mich 1, defendant hospital moved for dismissal on the ground that since the cause of action attempted to be asserted against it arose prior to our decision in *Parker,* the doctrine of immunity of a charitable institution against suit based upon negligence of its employees was applicable to it. The hospital's motion was granted.

The only claim plaintiff presented to us on appeal is that our decision in *Parker,* granting the benefit of our renunciation of the doctrine of immunity to the plaintiff in that case and only to those others whose causes of action thereafter arise, results in denial to this plaintiff of equal protection of the laws. US Const, am 14; Mich Const 1908, art 2, § 1.

A similar claim was presented to us in *Browning* v. *Paddock,* 364 Mich 293. There, all members of the Court voted to affirm dismissal of the suit against defendant charitable hospital. Three members of the Court refused to be bound by the Court's decision in *Parker* on the ground (p 295) that, 1 member of our Court not having participated in that case and decision having been made therein by a majority

of only 4 of the 7 participating Justices, a majority of the entire Court had not yet "embraced the 'new ruling' through participation in Court decision." Four members of the Court voted to affirm dismissal on the grounds that the asserted cause of action arose prior to the decision in *Parker* and that (p 297) no constitutional right was denied by such dismissal. Mr. Justice BLACK, who did not participate in *Parker,* likewise voted to affirm dismissal and likewise refused to be bound by the Court's decision in *Parker,** but he also expressed agreement with that portion of the decision in *Parker* renouncing the doctrine of immunity of charitable institutions from liability for the negligence of their employees. Thus, 5 members of this Court "embraced the 'new ruling' through participation in Court decision" on September 22, 1961, in *Browning* v. *Paddock.*

Whatever our respective opinions may be on the plaintiff's sole claim of infringement of constitutional guaranties of equal protection by application of the *Parker* decision to the facts of this case, the order dismissing defendant hospital as a party must be affirmed in any event on the authority of *Browning* v. *Paddock.*

Affirmed. Costs to defendant hospital.

KELLY, BLACK, and KAVANAGH, JJ., concurred with SOURIS, J.

DETHMERS, C. J., concurred in result.

CARR, J., did not sit.

OTIS M. SMITH and ADAMS, JJ., took no part in the decision of this case.

---

* Because of his disagreement with that part of the prevailing opinion in *Parker* which assigned *Great Northern R. Co.* v. *Sunburst Oil & Refining Co.*, 287 US 358 (53 S Ct 145, 77 L ed 360, 85 ALR 254), as authorizing judgments in favor of the plaintiffs.