Thomas POWELL, Plaintiff,

v.

WORKMEN'S COMPENSATION BOARD OF the STATE OF NEW YORK, American Mutual Liability Insurance Co., O'Brien Bros. Shipyard Corporation, Lee & Simmons Lighterage Co., Inc., Liberty Mutual Insurance Co., Nelson Rockefeller, Governor of the State of New York and Louis J. Lefkowitz, Attorney General of the State of New York, Defendants.

United States District Court
S. D. New York.

Jan. 9, 1963.

Dora Aberlin, New York City, for plaintiff.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, pro se and for defendants Workmen's Compensation Board of New York and Nelson Rockefeller, Governor of New York; Irving L. Rollins, New York City, of counsel.

Albert P. Thill, Brooklyn, N. Y., for defendants Lee & Simmons Lighterage Co. and Liberty Mutual Insurance Co.

Cotter, Carey, Fox & McKay, New York City, for defendant American Mutual Liability Insurance Co.; William P. Cotter, New York City, of counsel.

McLEAN, District Judge.

Plaintiff complains of a decision of the New York Workmen's Compensation Board. His amended complaint contains two counts. The first alleges jurisdiction on the basis of 28 U.S.C. §§ 2281 and 2284. It seeks a judgment restraining the Workmen's Compensation Board

from enforcing Section 123 of the New York Workmen's Compensation Law, McKinney's Consol.Laws, c. 67, declaring Section 123 unconstitutional under the Fourteenth Amendment, and declaring an order of the Board made pursuant to that section to be null and void. The second count bases jurisdiction upon 28 U.S.C. § 1343. It seeks a judgment directing defendant O'Brien Bros. Shipyard Corporation and its insurance carried defendant American Mutual Liability Insurance Co. to pay to plaintiff the full amount of compensation which plaintiff claims to be due him. Neither count alleges any diversity of citizenship of the parties. Each count alleges that plaintiff sues on his own behalf and on behalf of other persons who have been or may be injured in industrial accidents.

All defendants except defendant O'Brien Bros. Shipyard Corporation have moved, pursuant to Rule 12(b), to dismiss the amended complaint on the grounds (1) that the court lacks jurisdiction over the subject matter, and (2) that the amended complaint fails to state a claim upon which relief can be granted. Plaintiff has cross-moved for an order convening a three-judge court to hear and determine the action. Although plaintiff's notice of motion does not so state, it would seem that the cross-motion relates only to the first count.

The essential allegations of the first count may be summarized as follows. In 1941 plaintiff, then employed by defendant Lee & Simmons Lighterage Co., Inc., sustained a back injury, and was paid compensation therefor pursuant to the Workmen's Compensation Law. He also maintained an action against third parties in which he recovered $12,000. In 1943 the Workmen's Compensation Board decided that plaintiff was able to do his regular work and that there was no deficiency compensation due him, and marked the case closed.

In 1957 plaintiff, then employed by defendant O'Brien Bros. Shipyard Corporation, again sustained a back injury. He was paid compensation for this in-

jury for four months in 1957. In 1958 plaintiff made a claim for total disability as a result of the 1957 accident. Defendant O'Brien Bros. Shipyard Corporation and defendant American Mutual Liability Insurance Co. opposed the claim on the ground that plaintiff's disability was attributable to the 1941 accident. On the application of those defendants, the Workmen's Compensation Board reopened the 1941 compensation case over plaintiff's objection. On June 8, 1962, the Board decided that 50 per cent of plaintiff's present disability was attributable to the 1941 accident and 50 per cent to the 1957 accident. The Board accordingly directed defendants O'Brien Bros. Shipyard Corporation and American Mutual Liability Insurance Co. to pay to plaintiff one-half of the total compensation to which he was entitled for that disability. The Board refused to direct plaintiff's 1941 employer or its insurance carrier to pay the other half, on the ground that Section 123 of the Workmen's Compensation Law prevented such a recovery. That section provides that, although the Board has power to modify former awards, no award of compensation shall be made "against an employer or an insurance carrier where application therefor is made after a lapse of eighteen years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation."

The amended complaint alleges that Section 123, as interpreted by the Board, is unconstitutional in that it denies to plaintiff and other injured workmen the equal protection of the laws, by reason of the fact that it permits the Board to assess liability for a present disability against a compensation case which has been closed for many years, while at the same time it prevents the enforcement against the former employer of the liability so assessed. The amended complaint also alleges that the decision of the Board was erroneous, in that it ignored Section 15(8)(d) of the Workmen's Compensation Law which allegedly requires the second employer to pay to

the plaintiff the full amount of compensation due him, leaving it to the second employer to secure reimbursement from a special fund for a portion of the amount so paid.

■■■ When a plaintiff applies for an order convening a three-judge court to determine a claim of unconstitutionality of a state statute, the single District Judge to whom the application is made may dismiss the complaint if it appears that the court lacks jurisdiction of the action. When, as here, no diversity of citizenship exists, it is essential to jurisdiction that a substantial federal question of unconstitutionality be presented. A single District Judge has the power and the duty to determine whether the complaint reveals the existence of such a question. There is no substantial federal question if plaintiff's claim of unconstitutionality is obviously without merit.

Ex parte Poresky, 290 U.S. 30, 54 S. Ct. 3, 78 L.Ed. 152 (1933); Bell v. Waterfront Commission of New York Harbor, 279 F.2d 853 (2d Cir., 1960); Aberlin v. Domestic Relations Court, 159 F.Supp. 59 (S.D.N.Y.1958); See Idlewild Bon Voyage Liquor Corporation v. Epstein, 370 U.S. 713 at 715, 82 S.Ct. 1294, at 1296, 8 L.Ed.2d 794 (1962).

■ It is well established that in order to violate the equal protection clause, a statute must discriminate against a particular person or a particular class of persons. Tinsley v. Anderson, 171 U.S. 101, 18 S.Ct. 805, 43 L.Ed. 91 (1898); Chase Securities Corp. v. Donaldson, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945); Aberlin v. Domestic Relations Court, supra.

■ It is plain on the face of Section 123 that it does not so discriminate. The section is in essence a statute of limitations. It applies generally to all compensation claimants. In this respect it is similar to the statute involved in Chase Securities Corp. v. Donaldson, supra, which had the effect of lifting the bar of the general limitation statute under certain circumstances. The court there held that the claim of violation of the equal protection clause was without merit because "[t]he statute on its face is a general one, applying to all similarly situated persons or transactions." (325 U.S. 304 at 309, fn. 5, 65 S.Ct. 1137 at 1139)

Plaintiff argues that the statute is "discriminatory" because it favors employers. But it could be said of any statute of limitations that it favors defendants to the detriment of plaintiffs. This is not discrimination in the constitutional sense.

Plaintiff argues that the section works an unfair hardship on compensation claimants by permitting the Board to reopen old cases in which a recovery would be barred by this time limitation. Assuming, without in any way deciding, that the statute has that effect, no question under the equal protection clause is thereby raised. There is nothing in the amended complaint to differentiate this case from Tinsley v. Anderson, supra, in which the court held that the Texas procedure there involved did not deny to the plaintiff the equal protection of the laws because it "would have been applied to any other person in the State of Texas, under similar circumstances and conditions." (171 U.S. 101 at 106, 18 S.Ct. 805 at 807.) Plaintiff's first claim of unconstitutionality is obviously without merit and therefore presents no substantial federal question.

■■ Plaintiff's second claim, i. e., that the Board erroneously ignored the provisions of Section 15(8) (d) of the Workmen's Compensation Law, likewise presents no substantial federal question. Plaintiff's contention seems of doubtful validity, as a matter of state law, since Section 15(8) in terms applies to situations in which a disability occurs subsequent to a previous "permanent physical impairment." This complaint does not allege that plaintiff suffered a permanent impairment by reason of his 1941 accident; indeed, it implies that he did not. Be that as it may, if the Board erred in not applying Section 15(8) (d) to this situation, plaintiff's sole remedy is to

seek a reversal of the Board's decision in the courts of New York. An error on the part of a state tribunal in applying state law does not raise any federal constitutional question.

"We have said time and again' that the Fourteenth Amendment does not 'assure uniformity of judicial decision * * * [or] immunity from judicial error * * *.' Milwaukee Electric Ry. & Light Co. v. Wisconsin ex rel. Milwaukee, 252 U.S. 100, 106 [40 S.Ct. 306, 64 L. Ed. 476] (1920). Were it otherwise, every alleged misapplication of state law would constitute a federal constitutional question." Beck v. Washington, 369 U.S. 541 at 554, 82 S.Ct. 955 at 962, 8 L.Ed.2d 98 (1962).

I conclude, therefore, that this court has no jurisdiction of the first count.

 Plaintiff's claim of jurisdiction of the second count is based on 28 U.S.C. § 1343. The only subdivision of that section which could conceivably apply here is subdivision (3) which confers on this court jurisdiction of an action "[t]o redress the deprivation, under color of any State law, * * * of any right, privilege or immunity secured by the Constitution of the United States * * *."

The second count repeats all the allegations of the first. It then alleges that the part of plaintiff's back which was injured in the 1957 accident was different from the part injured in 1941. It alleges that the Board's finding that one-half of plaintiff's present disability was attributable to the 1941 accident was erroneous, on the facts, apparently, as well as on the law. Judgment is asked that this court direct the 1957 employer, defendant O'Brien Bros. Shipyard Corporation and its insurance carrier "to forthwith pay to the plaintiff the entire compensation due him, instead of one-half thereof as directed by the void order" of the Board, and that this court "remand" the case to the Board "for the assessment of further liability of the

American Mutual Liability Insurance Company and O'Brien Bros. Shipyard for plaintiff's disability." It could scarcely be plainer that plaintiff is asking this court to sit as an appellate court to review the decision of the New York Board. This court has no jurisdiction to do so. Section 1343(3) applies only where a plaintiff has been deprived under color of state law of a right secured by the Constitution. Taking the second count at face value, it does no more than allege that the Board erred, both on the facts and on its interpretation of the state law. As I have previously pointed out, this does not present a constitutional question.

Defendants' motion to dismiss the amended complaint is granted. Plaintiff's cross-motion for an order convening a three-judge court is denied. So ordered.