**Angela Yvonne DAVIS, Petitioner,**

**v.**

**Jessie L. BEHAGEN, Superintendent of the Women's House of Detention of New York City, Respondent.**

**No. 70 Civ. 5530.**

United States District Court,
S. D. New York.

Dec. 18, 1970.

John J. Abt and Margaret Burnham, New York City, for petitioner.

Frank S. Hogan, Dist. Atty., New York County, for respondent; Michael R. Juviler, Wm. C. Donnino, Asst. Dist. Attys., of counsel.

## OPINION

FRANKEL, District Judge.

Petitioner is a fugitive from California, where she has been indicted on charges of kidnapping, murder and conspiring to commit those crimes at various times from last February through August. She was found and arrested in New York City on October 14, 1970, there being at the time an outstanding California warrant for her arrest. On November 16, 1970, on the requisition of the Governor of California dated November 12, the Governor of New York issued his warrant for her extradition. This California requisition was supported by the indictment, returned on November 10, 1970, by a grand jury of Marin County, California, containing the kidnapping, murder and conspiracy charges.

The November 16, 1970, warrant for petitioner's extradition superseded a warrant of October 21, issued upon a requisition of October 20, to which was annexed an affidavit of the preceding day by a Marin County District Attorney charging petitioner with murder and kidnapping for ransom "in that she did aid and abet, advise and encourage the commission of said offenses."

On November 5, 1970, prior to the California indictment, petitioner brought a state habeas proceeding in the Supreme Court of New York County, urging, *inter alia*, that the affidavit of the California district attorney failed to supply probable cause. On November 16, 1970, having been indicted in California, she filed an amended and supplemental petition recasting her contentions along the lines hereinafter considered. The State Supreme Court dismissed her petition on December 3; the Appellate Division, First Department, unanimously affirmed the dismissal on December 16; and yesterday, December 17, 1970, Chief Judge Fuld of the New York Court of Appeals denied her application for a stay of extradition pending a hearing before his Court of a motion for leave to appeal. Promptly thereafter, petitioner brought, by order to show cause, the present application for federal habeas corpus. The nature of the problem, the delay thus far [1] and the likelihood of an immediate appeal all make it fitting, if not compelling, that the decision be rendered speedily.

In the arguments she submits here, essentially repeating those rejected by the State Courts, the petitioner does not dispute the showing of the three traditional requisites for extradition—namely, that the person sought be shown to be

(1) the individual named in the writ of extradition,

(2) charged, in accordance with the statute, 18 U.S.C. § 3182, with a crime in the demanding state, and

(3) a fugitive, which is to say that the accused was in the demanding state when the alleged crime was committed. See United States ex rel. Vitiello v. Flood, 374 F.2d 554 (2d Cir. 1967); Woods v. Cronvich, 396 F.2d 142 (5th

---

1. "The scheme of interstate rendition, as set forth in both the Constitution and the statutes which Congress has enacted to implement the Constitution, contemplates the prompt return of a fugitive from justice as soon as the state from which he fled demands him * * *." Sweeney v. Woodall, 344 U.S. 86, 89–90, 73 S.Ct. 139, 140–141, 97 L.Ed. 114 (1952) (footnotes omitted).

**1218**

Cir. 1968). Nevertheless, she makes an array of arguments hereinafter considered, claiming various denials of constitutional rights sufficient to warrant the issuance of a federal writ of habeas corpus.

1. Petitioner's main point, though it is uniquely tailored to the circumstances of this particular case, is that there was insufficient evidence before the California grand jury to warrant her indictment. She sometimes characterizes this as a claim of "bad faith." She purports to document her thesis by saying that the affidavit of the California district attorney sworn October 19, 1970 (supplying the basis of the first extradition warrant), was insufficient to show probable cause; that she could show from the grand jury transcript an absence of any more evidence than the affidavit supplied; and that the indictment must in this way be found fatally defective for extradition purposes. She appears then to urge that this court should (1) somehow obtain the grand jury transcript (held by the California court to be available only in California, a matter considered below), and determine from that the lack of probable cause, or, alternatively, (2) rule this point in her favor because the transcript is being withheld.[2]

■ The short answer to these elaborations of petitioner's one essential point is that the sufficiency of the evidence for indictment in the demanding state is not a question open for review in extradition proceedings. For us the sufficiency of the evidence even before our own grand juries to establish probable cause is not open to preliminary review. Given a federal indictment regular on its face, the federal district court may not substitute its judgment of probable cause as ground for blocking arrest

and further proceedings against the defendant. Ex parte United States, 287 U.S. 241, 53 S.Ct. 129, 77 L.Ed. 283 (1932); Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956). A fortiori, we are not empowered to exercise such control over state proceedings—and surely not in suits to avoid extradition to answer an indictment in a distant state.[3]

■ Apart from the broader principles just cited, there are square precedents against petitioner's thesis. Given the three requisites for extradition undisputedly shown here (see supra), neither state nor federal courts in the asylum state may question the existence of probable cause for an indictment, Pierce v. Creecy, 210 U.S. 387, 404–405, 28 S.Ct. 714, 52 L.Ed. 1113 (1908), or explore the motives of those participating in return of the indictment, Drew v. Thaw, 235 U.S. 432, 439, 35 S.Ct. 137, 59 L.Ed. 302 (1914)—not, at least, without a far more pointed showing than any made here. Whatever may be the law of California on this subject—i. e., accepting petitioner's seemingly correct view that she may attack the indictment by showing an absence of probable cause in the State Court—it supplies no ground for federal habeas.

2. Petitioner next argues that she has been lawlessly denied a copy of the California grand jury transcript. For this point she invokes § 938.1 of the California Penal Code, which is quoted in her petition (with some presently immaterial inaccuracies) as follows:

"If an indictment has been found or accusation presented against a defendant, such stenographic reporter shall certify and file with the county clerk an original transcription of his short

---

2. It is agreed that there are no issues of fact requiring an evidentiary hearing in this court.

3. Petitioner relies on Kirkland v. Preston, 128 U.S.App.D.C. 148, 385 F.2d 670 (1967), where habeas issued to bar extradition upon an affidavit of a police officer in the demanding state found in-

sufficient to show probable cause for arrest. Whatever else might be argued about that interesting decision, its reach could not extend to our case involving an indictment rather than "a mere affidavit" (id. at 676). The opinion of the D.C. Circuit reflects the obvious and decisive character of the distinction. Id.

hand notes and as many copies as there are defendants, other than fictitious defendants, regardless of the number of charges or fictitious defendants included in the same investigation. The reporter shall complete such certification and filing within 10 days after the indictment has been found or the accusation presented unless the court for good cause makes an order extending the time. The time shall not be extended more than 20 days. *The county clerk shall deliver the original of the transcript so filed with him to the district attorney immediately upon his receipt thereof and shall deliver a copy of such transcript upon each such defendant or his attorney * * \* "* (Emphasis by petitioner.)

Immediately after the portion petitioner quotes, the statute goes on as follows:

"If the copy of the testimony is not served as provided in this section the court shall on motion of the defendant continue the trial to such time as may be necessary to secure to the defendant receipt of a copy of such testimony 10 days before such trial. *The county clerk shall not exhibit the transcript to any person other than the district attorney nor divulge any of its contents until after the defendant is in custody.*" (My emphasis.)

Even apart from the length of the quotations from the statute and the location of the emphasis, petitioner's argument must fail.

■ If the portion I have added were not in the statute, California's courts might with entire reason withhold the transcript from a fugitive. To be sure, the States may not draw capricious distinctions in granting access to their courts. Roberts v. LaVallee, 389 U.S. 40, 42, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967). But it is not arbitrary to say that "an escape * * * disentitles the defendant to call upon the resources of the Court for determination of his claims." Molinaro v. New Jersey, 396 U.S. 365, 366, 90 S.Ct. 498, 499, 24 L.Ed.2d 586 (1970).

■ California has provided for the supplying of the transcript to a defendant "in custody." The California Court, in entirely orthodox fashion, has applied its own statute to refer to California custody. There is no slight basis for assailing that under the Federal Constitution.

■■ Petitioner offers a variant of her argument on the California statute, invoking the Equal Protection Clause and seeking to show forbidden discrimination by means of an affidavit of a California attorney who swears that "[t]o [his] knowledge, there has never been a comparable restriction made in any case involving a defendant who is out-of-state at the time that the indictment is handed down, and is thereafter subjected to extradition proceedings." This is an exceedingly limited way of urging a sudden departure from the State's precedents. But taking it as that, the contention cannot avail. The Equal Protection Clause does not compel uniform decisions by state courts. Milwaukee Electric Ry. Co. v. Wisconsin ex rel. City of Milwaukee, 252 U.S. 100, 105–106, 40 S.Ct. 306, 64 L.Ed. 476 (1920); Beck v. Washington, 369 U.S. 541, 554–555, 82 S.Ct. 955, 8 L.Ed.2d 98 (1962).

3. In the explorations upon oral argument of this matter yesterday, it became clear that petitioner makes no claim that she cannot have her various constitutional claims heard and fairly adjudicated in the State Courts of California. Her contentions include, to be sure, broad assertions of bad faith and other misbehavior by various California officials. But if such charges are to be fairly and expeditiously heard, the California State Court is the obviously appropriate forum of first instance in which to bring them. If, contrary to anything now submitted, the State Court should prove defective, the remedy of federal review or, possibly, removal to a California federal court, see 28 U.S.C. § 1443(1), is open. Thus, there are familiar procedures for enforcing petitioner's rights in California, whence she fled, without a cumbersome and abrasive requirement that state officials

of California travel across the country to defend the administration of their criminal law in a federal court in New York. See Sweeney v. Woodall, *supra*, 344 U.S. at 90, 73 S.Ct. 139.

---

For the above reasons, the petition for habeas corpus is denied. Extradition of the petitioner will be stayed pending prompt application by her counsel, immediately upon delivery of this opinion this morning, for a stay or other action by the Court of Appeals for the Second Circuit.

It is so ordered.