Angel VELADOR–RIVERA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71018.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 18, 2006.

Johnaaron Murphy Jones, Honolulu, HI, for Petitioner.

Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, John Ashcroft, Attorney General, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, for Respondent.

Before: GRABER, McKEOWN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Petitioner Angel Velador–Rivera ("Velador–Rivera") seeks review of a final order

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

of removal issued by the Board of Immigration Appeals (BIA). Because the parties are familiar with the facts, we do not recite them here.

The immigration judge was correct to deny Velador–Rivera's application for adjustment of status under § 245(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(a). Section 245(a) authorizes the Attorney General to adjust the status of an alien who was inspected and admitted or paroled into the United States to that of a lawful permanent resident if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed. INA § 245(a), 8 U.S.C. § 1255(a). Here, Velador–Rivera is not admissible to the United States because he entered illegally and without inspection. *See* INA § 245(a)(2), 8 U.S.C. § 1255(a)(2). Moreover, Velador–Rivera does not have a visa immediately available to him. Thus, he is statutorily barred from such relief.

■ The immigration judge was correct to deny Velador–Rivera's application for adjustment of status under INA § 245(i). An alien who entered the United States without inspection could apply to the Attorney General to have his status adjusted if he was physically present in the United States and was the beneficiary of a petition for immigrant status that was filed with the Attorney General on or before April 30, 2001. INA § 245(i)(1)(B)(i), 8 U.S.C. § 1255(i)(1)(B)(i). Here, Velador–Rivera did not marry Karen Kikue Ahue until August 10, 2002, and she did not file a visa petition on his behalf until September 25, 2002, nearly seventeen months beyond the statutory deadline. Thus, Velador–Rivera is statutorily barred from such relief.

■ We lack jurisdiction to review the immigration judge's denial of Velador–Rivera's application for voluntary departure. INA § 240B(f), 8 U.S.C. §§ 1252(a)(2)(B)(i)(2004), 1229c(f); *see also Tovar–Landin v. Ashcroft*, 361 F.3d 1164, 1166 (9th Cir.2004) ("By virtue of 8 U.S.C. §§ 1252(a)(2)(B)(i)(2004) and 1229c(f), we lack jurisdiction to review denials of voluntary departure, including statutory eligibility for voluntary departure." (footnotes omitted)); *Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003) (holding that 8 U.S.C. § 1229c(f) "divests us of jurisdiction over any appeal from denial of a request for an order of voluntary departure" (internal quotation marks omitted)).

Velador–Rivera's argument that the BIA's streamlining procedure violates due process is foreclosed by our decision in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–52 (9th Cir.2003). In addition, Velador–Rivera's argument that the First and Ninth Circuits' different rules with respect to the streamlining procedure violate equal protection is foreclosed by the long-settled Supreme Court doctrine that equal protection of the law does not guarantee uniformity of judicial decisions. *See Milwaukee Elec. Ry. & Light Co. v. Wisconsin ex rel. Milwaukee*, 252 U.S. 100, 106, 40 S.Ct. 306, 64 L.Ed. 476 (1920); *see also Little v. Crawford*, 449 F.3d 1075, 1082 (9th Cir. 2006) (holding that equal protection of the laws does not assure uniformity of judicial decisions).

The petition for review is DISMISSED in part and DENIED in part.