■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH GALLO, Appellant, v. WARDEN OF GREENHAVEN STATE PRISON, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, entered April 9, 1969, which dismissed the writ. Judgment affirmed, without costs. Relator was convicted of conspiracy to commit extortion and of attempted extortion after a jury trial in New York County and was sentenced thereon, on December 21, 1961, to consecutive terms. The judgment was unanimously affirmed and the imposition of consecutive sentences was expressly held proper upon appeal to the Appellate Division, First Department (see *People* v. *Gallo,* 19 A D 2d 620). Chief Judge DESMOND thereafter denied leave to appeal to the Court of Appeals and on March 23, 1964 the Supreme Court of the United States denied certiorari (*Gallo* v. *New York,* 376 U. S. 953).

On the present appeal, relator contends that the subsequent decisions of the Court of Appeals in *People* v. *Birmingham* (16 N Y 2d 984) and *People* v. *Mancuso* (22 N Y 2d 679) render the imposition of the consecutive sentences upon him illegal and void. We are of the opinion that this question is properly before us on this appeal. In *People ex rel. Pannone* v. *Fay* (16 A D 2d 946, mot. for lv. to app. den. 12 N Y 2d 642), this court held that habeas corpus was not available to present the relator with an opportunity to advance again the very same arguments previously presented upon appeal and disposed of on the merits. However, the arguments presented here are based upon decisions of our highest court rendered subsequent to the date of relator's appeal to the First Department and obviously could not have been presented upon that appeal. Nevertheless, no argument which was, or could have been, presented to the First Department is available on this appeal and no question relating to the propriety of the imposition of consecutive sentences at that time is, or could be, reviewed by us (*People ex rel. Keitt* v. *McMann*, 18 N Y 2d 257; *People ex rel. Rohrlich* v. *Follette*, 20 N Y 2d 297; *People ex rel. Gonzalez* v. *Deegan*, 29 A D 2d 865). In unanimously affirming the imposition of consecutive sentences upon relator herein, the Appellate Division, First Department, relied upon *People ex rel. Maurer* v. *Jackson* (2 N Y 2d 259, 264), wherein it was stated: "It is clear that if separate and distinct acts were committed, and that they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction * * *. It is also not open to dispute that if there were merely a *single inseparable act* violative of more than one statute, or if there were an act which itself violated one statute and was a material element of the violation of another, there would have to be single *punishment*" (emphasis in original). The First Department therefore found that relator's conduct constituted separate and distinct acts. Such determination was essential to their conclusion that the imposition of consecutive sentences upon Gallo was proper and is not open to question here. Relator can only succeed upon this appeal if he can demonstrate that the decisions upon which he relies render consecutive sentences for conspiracy and for attempt to commit the underlying crime illegal and void in every case, without regard to whether or not the conduct constituting the crimes was "separate and distinct" under prior decisional law, and further that such change in the law is retroactive and available to him on this appeal. In our view relator has failed to establish either of these propositions. The entire thrust of his argument is that the crimes of conspiracy and an attempt to commit the underlying crime are both "inchoate and anticipatory" offenses and as such are not subject to multiple punishment. We discern no such rule. The cases relied upon by relator do not establish it. In *People* v. *Birmingham* (16 N Y 2d 984, *supra*), the defendant was convicted of conspiracy to commit robbery and of attempted robbery and was sentenced to consecutive terms therefor. The Court of Appeals, without opinion, ordered the sentences to run concurrently. It appears, however, that the defendant's conviction of the attempt rested solely upon his criminal liability as a principal for the conduct of his confederates and the only criminal conduct engaged in by the defendant himself was the conspiracy. Manifestly, consecutive sentences were improper under the standards as set forth in *People ex rel. Maurer* v. *Jackson* (2 N Y 2d 259, *supra*). In *People* v. *Mancuso* (22 N Y 2d 679, *supra*) the defendant was convicted of conspiracy to commit extortion and of attempted extortion and consecutive sentences were imposed. The Court of Appeals again modified so as to have the sentences run concurrently, upon the authority of *Birmingham*. It is apparent to us that this constituted a determination by the court that the defendant had engaged in a single, inseparable course of conduct. This conclusion is buttressed by the citation of *Birmingham* and by the fact

that the District Attorney, in seeking to uphold the consecutive sentences, relied upon *People* v. *Gallo* (19 A D 2d 620, *supra*) in his brief in the Court of Appeals and that the court nonetheless modified. It seems clear that the court found *Gallo* (where the acts were determined to be separate and distinct) factually distinguishable. In our opinion, relator's interpretation of the rulings in *Birmingham* and *Mancuso* (*supra*) is untenable. There appears to us to be no justification for the argument that an unsuccessful attempt to commit a crime should render a previous, separate and distinct conspiracy to commit that crime less punishable. Quite frequently the completion of the crime is frustrated by factors entirely beyond the control of the defendant. Thus, to distinguish between the attempt and the completed crime in determining whether the previous conspiracy is separately punishable would be to indirectly impose heavier sanctions upon the crime itself. This would constitute a patent usurpation of legislative prerogative. Nothing in either *Birmingham* or *Mancuso* impels us to conclude that the Court of Appeals meant, *sub silentio,* to adopt such a theory. The propriety of the imposition of consecutive sentences depends entirely upon the conduct constituting the offenses involved and not at all upon the terminology employed to denominate them as " inchoate and anticipatory " — or complete. The continued viability of the *Maurer* standards seems clear. The Court of Appeals has since relied upon them at least twice (*People* v. *Baker,* 19 N Y 2d 982; *People* v. *Christman,* 23 N Y 2d 429). The new Penal Law has expressly codified the holding (Penal Law, § 70.25, subd. 2; § 80.15). It is our opinion that the cases cited by relator represent mere applications of the previous standards of severability to the particular facts of those cases. Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.