THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE CLARK, Defendant-Appellant.

Third District   No. 76-151

Opinion filed July 25, 1977.

Robert Agostinelli and Verlin R. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Thomas Homer, State's Attorney, of Lewistown (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, George Clark, was charged with the offense of attempt murder and aggravated battery. After a jury trial in the circuit court of Fulton County the defendant was found guilty of attempt murder and was sentenced to a term of from 40 to 75 years in the penitentiary. On this appeal the defendant raises three issues. First, the court erred in giving an instruction to the jury defining murder which described a mental state other than the intent to kill. Second, the court erred in permitting the complaining witness, a police officer, to remain in the courtroom rather than excluding him as any other witness pursuant to the defendant's motion. Third, the sentence imposed is excessive.

Andrew Kosowski testified at trial that he was riding his motorcycle on the night of October 12, 1975. He noticed another cycle being driven recklessly and at a great speed on Fort Street in Farmington, Illinois. Since he was a Farmington police officer, Kosowski turned his motorcycle around and followed the speeding cycle he had just seen. He lost sight of the other cycle during the chase but eventually found it lying on a street corner. The cycle, driven by the defendant, was damaged. The defendant, scratched and bloodied on the head, arms and legs, was

crouched near the cycle. Officer Kosowski sent his cycling companion to call the police from the nearby Teffertiller residence, a call answered by Officer Ghrist. As the plain-clothed Ghrist arrived in his squad car, the defendant fled to the back of the Teffertiller yard. Officer Ghrist and Kosowski pursued, each going around a different side of the house. They had not found the defendant by the time they met in the back yard, so the officers decided to retrace their steps to the front. As Kosowski walked toward the street and while he was some 15 feet from Ghrist, he heard two or possibly three shots. He saw Officer Ghrist lying on the ground in the back yard, moaning and in some pain. He then radioed for an ambulance.

Donald Ghrist, a Farmington police officer, also testified he arrived at the scene to aid Kosowski and aided in the search of the area. As he was returning to the front yard, Ghrist noticed someone behind a bush in the back yard. Using his flashlight, Ghrist could identify the subject, the defendant. Ghrist identified himself as a police officer, pulled the defendant from behind the bush and asked the youth to go to the squad car. The defendant walked toward the police car but then stopped, turned slightly and said "you have to let me go." Ghrist said he would not and ordered the defendant to keep walking. The defendant took several more steps, turned and fired a small caliber pistol. The first shot went wide. Ghrist, only four or five feet from the defendant, hit the ground and started rolling. A second shot hit him in the buttocks as he was on the ground. The officer, who had not been able to use the weapon he carried in a shoulder holster, simply lay there until Kosowski attended him.

According to the medical evidence, Ghrist was in the hospital two days. After a complete examination it appeared the bullet had not affected any vital organs and since no infection had developed it was decided the bullet need not be removed. The officer's recovery was complete.

In seeking to reverse his conviction of attempt murder the defendant first argues the jury was erroneously instructed on the definition of murder where the offense charged was attempt murder.

The jury was instructed as follows:

> "A person commits the crime of attempted murder who, with intent to commit the crime of murder, does any act which constitutes a substantial step toward the commission of the crime of murder.
>
> A person commits the crime of murder who kills an individual if, in performing the acts which cause the death, he intends to kill or do great bodily harm to that individual; or he knows that such acts create a strong probability of death or great bodily harm to that individual."

The defendant objected to the instruction defining murder and on this

appeal he argues that where attempt murder is charged only that portion of the definition referring to the mental state of intent to kill should be included. Murder includes alternative mental states including "an intent to do great bodily harm" and "knowledge that the act creates a strong probability of great bodily harm." Ill. Rev. Stat. 1975, ch. 38, par. 9—1.

■■ The major thrust of defendant's argument is that an act which would be murder if the victim dies is not necessarily an attempt murder if the victim survives. According to the defendant, the lesser mental states other than the intent to kill included in the definition of murder, are not appropriate mental states where the charge is the attempt to commit murder. Otherwise, there would be no discernible difference between attempt murder and aggravated battery. This view found support in *People v. Muir,* 38 Ill. App. 3d 1051, 349 N.E.2d 423, in which leave to appeal was pending at the time the briefs were filed. Recently, in *People v. Muir,* 67 Ill. 2d 86, the supreme court rejected the position asserted by the defendant in the instant case and held an instruction proper which embodied mental states other than just the intent to kill. Where the charge is attempt to commit murder, *Muir* controls the definition of murder to be given to the jury and we hold the giving of the instruction complained of was proper.

■■ This brings us to the defendant's claim the trial court erred in permitting Officer Christ to remain in the courtroom seated at the prosecution table after defendant moved to exclude all witnesses. Defendant concedes that this assignment of error was not specified in his post-trial motion. Consequently, it has not been properly preserved for review. (*People v. Hairston,* 46 Ill. 2d 348, 263 N.E.2d 840; Ill. Rev. Stat. 1975, ch. 110A, pars. 361, 366 b(2) (iii).) Nor do we believe that the assignment of error has the dimension of plain error under Supreme Court Rule 615(a). (Ill. Rev. Stat. 1975, ch. 110A, par. 615(a). See also *People v. Lagardo,* 82 Ill. App. 2d 119, 226 N.E.2d 492, 21 A.L.R.3d 1360.) Accordingly, we do not believe that a discussion of this assignment of error is appropriate or required.

Lastly, defendant argues that his sentence is excessive. The presentence report filed in the case indicated that defendant was 21 years old at the time of the offense. His employment record was erratic, but he had been employed for three months prior to the offense. His prior record consisted of convictions for burglary, criminal damage to property and two minor driving offenses plus juvenile commitments for burglary, auto theft and aggravated battery. The aggravated battery charge, which occurred while the defendant was a juvenile, took place in 1971. At the sentencing hearing, the State introduced evidence concerning the defendant's having made a remark to the effect that there would have been no witnesses had he done a better job. The defendant denied making the remark.

772

The trial court, speaking in a courtroom to those assembled, did not specifically consider the remark allegedly made by the defendant. Rather, the court focused upon the defendant's record and an incident in which the defendant had struck another inmate in a youth home with a garden hoe (apparently the basis for the aggravated battery commitment as a juvenile in 1971). The court also stated its belief that "where there is a callous disregard for the life of a police officer, or anyone, I think it is the duty of the Court, so far as possible, to remove the defendant from society." It then imposed the term of 40 to 75 years.

■■ As observed in *People v. Taylor,* 33 Ill. 2d 417, 424, 211 N.E.2d 673, 677, the authority given reviewing courts to reduce sentences imposed by trial judges "should be applied with considerable caution and circumspection, for the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do the appellate tribunals." See also *People v. Caldwell,* 39 Ill. 2d 346, 236 N.E.2d 706.

The present statute provides that the punishment for attempt murder shall not exceed that provided for a Class 1 felony (Ill. Rev. Stat. 1975, ch. 38, par. 8—4(c)(1).) It should be noted that the foregoing provision became effective in 1973, replacing former section 8—4(c)(1) (Ill. Rev. Stat. 1971, ch. 38, par. 8—4(c)(1)), which provided for a maximum penalty of 20 years in the penitentiary for the offense of attempt murder.

In reviewing the evidence considered by the court and the court's reaction to such evidence, it seems to us the sentence imposed is disproportionate to the seriousness of the offense and the dangerousness of the defendant even without regard to any consideration of rehabilitation, the latter factor of course being difficult to evaluate in the context of a serious offense. The offense was serious, but no permanent injury was sustained by the police officer. The shooting occurred while defendant was endeavoring to escape from custody of the police and while this is conduct justifying substantial punishment, it does not display viciousness or depravity supporting the trial court's characterization of the defendant's conduct.

No case has been called to our attention by the People where a comparable sentence has been imposed under similar factual circumstances. In *People v. Gerecke,* 45 Ill. App. 3d 510, 359 N.E.2d 1178, a recent decision called to our attention by the People, the defendant was sentenced to a term of from 50 to 100 years for the offense of attempt murder. However, there can be little significance attached to the penalty since it was to be served concurrently with a sentence imposed for the offense of murder of 75 to 100 years. The court in *Gerecke* was primarily concerned with the penalty for murder and so the related offense of

attempt murder received little consideration and so long as it was less than the murder sentence its duration could be of little significance. We note in *People v. Muir*, 67 Ill. 2d 86, the defendant was sentenced for a term of from 4 to 8 years in the penitentiary for the attempt murder of a police officer where a shooting took place as the defendant was endeavoring to escape from the custody of the police officer. In *Muir* as in the instant case, no serious injury resulted to the police officer. In *People v. Athey*, 43 Ill. App. 3d 261, 356 N.E.2d 1332, *appeal denied*, 65 Ill. 2d 582, again the defendant was convicted of attempt murder of a police officer and received a sentence of from 4 to 8 years in the penitentiary. In *Athey* the defendant was attempting to avoid being taken into custody by the police officer and a shooting of the officer was avoided only because the gun jammed. See also *People v. Gill*, 29 Ill. App. 3d 356, 330 N.E.2d 552.

Under the circumstances of this case we believe the sentence imposed should be reduced to a minimum of 10 years and a maximum of 30 years, a sentence which we believe comports with the seriousness of the offense and takes into account defendant's past record.

For the foregoing reasons the judgment of conviction of the defendant by the circuit court of Fulton County is affirmed. The sentence imposed is modified to provide that defendant be sentenced to a term of imprisonment of from 10 to 30 years.

Judgment affirmed, sentence modified.

ALLOY, P. J., and BARRY, J., concur.