THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GEORGE CLARK, Defendant-Appellant.

Third District   No. 79-436

Opinion filed May 21, 1980.

William C. Davis, Jr., of Lewistown, for appellant.

Thomas J. Homer, State's Attorney, of Lewistown (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Following a jury trial, defendant George Clark was convicted of attempt murder and sentenced to a term of imprisonment of 40 to 75 years. On direct appeal this court affirmed his conviction but reduced his sentence to a term of imprisonment of 10 to 30 years. (*People v. Clark* (1977), 50 Ill. App. 3d 768, 365 N.E.2d 1198.) He subsequently filed a petition under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*) and appeals from its denial.

Defendant was charged in a two-count information with attempt murder and aggravated battery. The facts which gave rise to these criminal charges are set out in full in our previous decision in this case and need not be repeated here except to note that the evidence established that on October 12, 1975, defendant fired two shots from a small caliber pistol at a police officer investigating a motorcycle accident. One shot struck the officer in the buttocks, an injury from which he fully recovered.

The jury was given, *inter alia,* the following instructions:

"A person commits the crime of attempted murder who, with intent to commit the crime of murder, does any act which constitutes a substantial step toward the commission of the crime of murder.

The crime attempted need not have been committed.

A person commits the crime of murder who kills an individual if, in performing the acts which cause the death, he intends to kill or do great bodily harm to that individual; or he knows that such acts create a strong probability of death or great bodily harm to that individual."

At the instructions conference and in his post-trial motion, defendant argued that the instruction defining murder was improper because it was at variance with the indictment. On direct appeal in this court he argued for the first time that the instruction was improper because it included mental states other than intent to kill, an essential element of the offense of attempt murder. This court rejected defendant's argument on the merits, citing *People v. Muir* (1977), 67 Ill. 2d 86, 365 N.E.2d 332, *cert. denied* (1977), 434 U.S. 986, 54 L. Ed. 2d 481, 98 S. Ct. 615, wherein the Illinois Supreme Court upheld a similar instruction in an attempt murder case.

Two other cases involving basically the same jury instruction issue were pending in this court while defendant's case was pending. In all three cases we originally held the instructions defining murder were proper under *Muir.* The opinion in the first case to be decided, *People v. Brooks* (1977), 50 Ill. App. 3d 4, 364 N.E.2d 994, was filed June 30, 1977. The opinion in *Clark* was filed July 25, 1977, and that in the third case, *People v. Shields,* was filed September 27, 1977. On October 5, 1977, the Illinois Supreme Court filed its opinion in *People v. Trinkle* (1977), 68 Ill.

2d 198, 369 N.E.2d 888, which, without expressly overruling *Muir*, cast doubt on its validity. Shields then successfully petitioned this court for a rehearing, and pursuant to *Trinkle*, his conviction was reversed, and the cause remanded for a new trial. (*People v. Shields* (1977), 54 Ill. App. 3d 1020, 370 N.E.2d 654.) In *People v. Shields*, consolidated on appeal with *People v. Harris* (1978), 72 Ill. 2d 16, 377 N.E.2d 28, the Illinois Supreme Court affirmed this court's reversal in *Shields* and expressly overruled the holding in *Muir*. Brooks then filed a petition under the Post-Conviction Hearing Act and was granted a new trial. In his brief defendant asserts that the Illinois Supreme Court "retained jurisdiction of *Muir* in the exercise of its supervisory jurisdiction and vacated its prior judgment," granting relief to Muir, but we have been unable to find a copy of such an order in the record or the published reports.

■■ Defendant's first argument is that this court decided his appeal during a 4-month period of time while the *Muir* decision was controlling. Basically, he contends that *Muir* was an aberration and that, had his appeal been decided before *Muir* or after *Trinkle*, he would have been granted a new trial. At the outset we note that prior to *Muir*, Illinois law on the question involved herein was far from clear. More importantly, however, assuming that defendant would have been granted a new trial had his appeal been decided either before *Muir* or after *Trinkle*, we think that fact, without more, does not entitle him to post-conviction relief.

Defendant's second contention is that the giving of the jury instruction defining murder, which included mental states other than intent to kill, deprived him of due process of law. It is clear that the instruction was improper under *Harris*. However, the Post-Conviction Hearing Act does not provide a remedy for any and all trial errors. Section 122—1 of the Code of Criminal Procedure of 1963 provides, in pertinent part:

"Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a *substantial denial of his rights under the Constitution of the United States or of the State of Illinois* or both may institute a proceeding under this Article." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 38, par. 122—1.

■■ In *People v. Grizzle*, consolidated on appeal with *People v. Roberts* (1979), 75 Ill. 2d 1, 387 N.E.2d 331, the defendant seeking post-conviction relief made basically the same contention made by defendant herein. Stated the court:

"Merely alleging that the trial error, or the error in the giving of an instruction, constituted a constitutional violation does not elevate these errors to constitutional status, qualifying them for review under the Post-Conviction Hearing Act." (75 Ill. 2d 1, 9-10, 387 N.E.2d 331, 335.)

The giving of the improper instruction did not amount to a denial of due process.

■ Defendant also argues that he was denied equal protection of the laws because Shields and Brooks, whose appeals were pending in this court along with his, have been granted new trials as a result of jury instructions essentially the same as that involved herein. It is true that on direct appeal defendant's case was decided differently from *Shields*. However, as stated in *Milwaukee Electric Ry. & Light Co. v. Wisconsin ex rel. Milwaukee* (1920), 252 U.S. 100, 106, 64 L. Ed. 476, 480, 40 S. Ct. 306, 309:

> "[T]he 14th Amendment does not, in guaranteeing equal protection of the laws, assure uniformity of judicial decisions [citation], any more than, in guaranteeing due process, it assures immunity from judicial error [citations]."

(See also *Beck v. Washington* (1962), 369 U.S. 541, 554-55, 8 L. Ed. 2d 98, 110, 82 S. Ct. 955, 962-63, and *United States ex rel. Almeida v. Rundle* (E. D. Pa. 1966), 255 F. Supp. 936, 949-50, *aff'd* (3d Cir. 1967), 383 F.2d 421, *cert. denied* (1968), 393 U.S. 863, 21 L. Ed. 2d 131, 89 S. Ct. 144.) Both defendant and Shields had an equal opportunity to present their claim to the reviewing courts. That defendant's conviction was affirmed on the basis of a precedent which was later overruled does not amount to a denial of equal protection. Similarly, defendant was not denied equal protection merely because Brooks' petition under the Post-Conviction Hearing Act was, so far as we can determine, erroneously granted. See *Grizzle*.

■ Defendant's final contention is that he was denied the effective assistance of counsel because his appointed counsel on direct appeal did not seek leave to appeal this court's decision. In order to prevail on a claim of ineffective assistance of appointed counsel, a defendant must show actual incompetence which substantially prejudiced his case. (*People v. Lewis* (1977), 55 Ill. App. 3d 1022, 371 N.E.2d 672.) When this court decided defendant's direct appeal, *Muir* was the most recent pronouncement of the Illinois Supreme Court on the jury instruction issue involved herein. The validity of the *Muir* decision did not come into question until more than 2 months later when *Trinkle* was decided. Under these circumstances, it would have been surprising, indeed, had there been an appeal of this court's decision. Appointed defense counsel was not guilty of actual incompetence.

For the reasons stated above, the order of the Circuit Court of Fulton County denying defendant's petition is affirmed.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.