■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARCELO RODRIGUEZ, Appellant, v DAVID R. HARRIS, as Superintendent of Green Haven Correctional Facility, Respondent. — In a habeas corpus proceeding, petitioner appeals

from a judgment of the Supreme Court, Dutchess County (Dickinson, J.), dated September 19, 1980, which dismissed the writ. Judgment affirmed, without costs or disbursements. Petitioner was convicted on August 5, 1976 in the Supreme Court, Bronx County, of murder in the second degree and robbery in the first degree. This conviction was unanimously affirmed by the Appellate Division, First Department *(People v Rodriguez,* 67 AD2d 837). On March 26, 1979, leave to appeal to the Court of Appeals was denied by an Associate Judge of that court *(People v Rodriguez,* 46 NY2d 1084). On July 21, 1980 a writ of habeas corpus was issued by the Supreme Court, Dutchess County, upon petitioner's claim that he was illegally detained because his 1976 conviction resulted from the use of pretrial statements obtained in violation of his constitutional right to counsel. He based this claim on the holding in *People v Rogers* (48 NY2d 167 [decided Oct. 23, 1979]), which prohibits, in the absence of counsel, police interrogation of a defendant on criminal matters related or unrelated to pending charges for which the defendant is already represented by counsel. That is, petitioner sought a retroactive application of *Rogers* to his own case, which had completed the appellate process prior to that decision. Special Term dismissed the writ on the ground that a habeas corpus proceeding was inappropriate since petitioner sought merely to challenge the legality of the underlying evidence which led to his conviction. Habeas corpus is an appropriate remedy. Petitioner claims a violation of a fundamental constitutional right, which was not clearly recognized nor fully articulated by our highest court until after all appeals from petitioner's judgment of conviction had come to an end. Under these circumstances, it appears that habeas corpus is a proper method for challenging this alleged violation. (See *People ex rel. Keitt v McMann,* 18 NY2d 257; *People ex rel. Gallo v Warden of Greenhaven State Prison,* 32 AD2d 1051.) Nevertheless, on the merits of the application, petitioner seeks impermissibly to have the holding in *People v Rogers (supra)* applied retroactively to his criminal case, which had completed the appellate process prior to the *Rogers* decision. As was stated by the Court of Appeals in *People v Pepper* (53 NY2d 213, 221), where, as here, a defendant's right to counsel in pretrial encounters is involved, retroactive application of a change in decisional law is in order, but such application has been limited to those cases still on direct review at the time the change in law occurred (e.g., *People v Albro,* 52 NY2d 619, 624; *People v Bell,* 50 NY2d 869; *People v Singer,* 44 NY2d 241, 251; *People v Macedonio,* 42 NY2d 944; see *People v Whitaker,* 75 AD2d 111). Retroactive application where that process has been exhausted, as in this case, has been denied *(People v Wooden,* 46 NY2d 938; *People v Robles,* 42 NY2d 1051; *People v Rivera,* 16 NY2d 879). Accordingly, since the relief sought cannot be granted, the habeas corpus proceeding was properly dismissed, although for the wrong reason. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.