■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HILLARY A. BEST, Appellant.—Appeal by the defendant, as limited by his motion, from a resentence of the Supreme Court, Queens County (Browne, J.), imposed September 26, 1985, upon his conviction of rape in the first degree, after a jury verdict, the resentence being an indeterminate term of 8⅓ to 25 years' imprisonment.

Ordered that the resentence is affirmed.

The defendant was convicted in 1977 of rape in the first degree and resisting arrest, upon a jury verdict, and he was sentenced on the rape conviction to an indeterminate term of imprisonment of 5 to 15 years. However, this court reversed

the judgment on the basis of certain trial errors and ordered a new trial *(People v Best,* 73 AD2d 651). The case was retried before a different Judge, and the defendant was once more convicted of the same two crimes, upon a jury verdict, but he was sentenced to an indeterminate term of 8⅓ to 25 years on the rape conviction. On appeal, this court left the conviction intact but vacated that sentence and remitted for resentencing on the ground that the sentencing court had failed to place on the record its reasons for imposing a more severe sentence after retrial than that originally imposed *(People v Best,* 112 AD2d 942). On remittitur, the defendant was once again sentenced to an indeterminate term of 8⅓ to 25 years, and he now argues on appeal that the imposition of a harsher sentence constituted a violation of his rights under the Due Process Clause of the 14th Amendment to the United States Constitution. We disagree.

Where a defendant has successfully appealed from his original judgment of conviction, the Due Process Clause prohibits the imposition, after retrial, of a greater sentence which is actually motivated by vindictiveness *(see, North Carolina v Pearce,* 395 US 711; *People v Miller,* 65 NY2d 502; *cert denied* — US —, 106 S Ct 317). Thus, where a Judge imposes a more severe sentence after reconviction following a successful appeal, there is a presumption of vindictiveness which may be overcome only by objective information affirmatively appearing in the record which provides a legitimate and reasoned justification for the greater sentence *(see, Wasman v United States,* 468 US 559, 569; *North Carolina v Pearce, supra,* at 725; *People v Miller, supra,* at 508). However, the *Pearce* presumption is not applicable where different Judges impose the varying sentences received by the defendant since under such circumstances a sentence "increase" has not in fact taken place *(see, Texas v McCullough,* 475 US 134, —, —, 106 S Ct 976, 980). In such a case, where the presumption is inapplicable, the defendant has the burden of proving actual vindictiveness upon resentencing *(see, Texas v McCullough, supra,* at —, at 980; *Wasman v United States, supra* at 569).

The defendant has not established that there was actual vindictiveness in his resentence and, further, the reasons placed on the record by the court at the time of resentencing justified the resentence imposed. The resentencing court properly relied on pertinent evidence adduced at the retrial which shed new light on the defendant's life, conduct, character and the consequences of his crime *(see, Texas v McCullough, supra,*

at —, at 982). Accordingly, the resentence is affirmed. Mollen, P. J., Mangano, Bracken and Rubin, JJ., concur.