◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD ALVAREZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered November 15, 1984, convicting him of murder in the second degree (two counts) and robbery in the first degree, after a nonjury trial, and sentencing him to concurrent indeterminate terms of 12½ to 25 years' imprisonment on the robbery count and 25 years to life imprisonment on the murder in the second degree counts. The appeal brings up for review the denial, after a hearing (Starkey, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's prior judgment of conviction upon a jury verdict was reversed and a new trial was ordered due to errors in the court's charge *(People v Alvarez,* 96 AD2d 864). In reversing the judgment of conviction on that ground, this court implicitly rejected the defendant's contentions that the police lacked probable cause for his arrest and that evidence of an in-court identification should have been suppressed. The defendant raises these same contentions on this appeal from the judgment of conviction following his retrial. However, we have reviewed the evidence adduced at the suppression hearing and find no error or unfairness which would warrant a modification of our prior determination *(see, People v Blake,* 35 NY2d 331; *People v Taylor,* 87 AD2d 771).

The defendant contends that the suppression court also erred when it determined that he had voluntarily and intelligently waived his rights prior to questioning by a police officer. Although the defendant failed to raise this issue on his first appeal, we have considered it in the interest of justice and find no error in the suppression court's decision.

Viewing the evidence adduced at the trial in a light most favorable to the People, we find that it is legally sufficient to support the defendant's conviction of the crimes charged. Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant further contends that it was improper for the court to impose a greater sentence after his retrial. Although a presumption of vindictiveness may arise when a greater sentence is imposed following a retrial, where, as here, the sentences are imposed by different Judges, the presumption is inapplicable and the defendant has to prove actual vindictiveness *(see, People v Best,* 127 AD2d 671; *Texas v McCullough,* 475 US 134). The defendant failed to meet this burden in view of the court's statement that it was not aware of the prior sentence and was imposing its sentence based on the defendant's past criminal history and the nature of the instant offenses.

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for review or without merit. Brown, J. P., Lawrence, Weinstein and Eiber, JJ., concur.