■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD VAN PELT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered December 16, 1986, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted in 1982 of robbery in the first degree and robbery in the second degree, and he was sentenced as a second felony offender to indeterminate concurrent terms of imprisonment of 5 to 10 years and 4 to 8 years, respectively. However, this court reversed the judgment on the basis of errors in the court's charge and ordered a new trial (People v Van Pelt, 119 AD2d 707). The case was retried before a different Justice, and the defendant was again convicted upon a jury verdict, but he was sentenced as a second felony offender to indeterminate concurrent terms of 7½ to 15 years on the robbery in the first degree conviction, and 6 to 12 years on the robbery in the second degree conviction.

We reject the defendant's contention that the imposition of a greater sentence upon him after retrial violated his right to due process. Although a presumption of vindictiveness may arise when a greater sentence is imposed following a retrial, where, as here, the sentences are imposed by different Justices, the presumption is inapplicable, and the defendant has the burden of proving actual vindictiveness upon resentencing (see, Texas v McCullough, 475 US 134; People v Best, 127 AD2d 671, lv denied 70 NY2d 642; People v Alvarez, 134 AD2d 599, lv denied 71 NY2d 892). The defendant has failed to meet this burden in view of the court's statements that it was imposing its sentence based on a number of factors including the defendant's lengthy criminal record and the impact of the crime upon the victim.

We further find that the sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are unpreserved for our review. Mollen, P. J., Thompson, Lawrence and Kunzeman, JJ., concur.