OPINION OF THE COURT
Herbert Kramer, J.
Defendant moves for an order setting aside his sentence upon the ground that it was "invalid as a matter of law” under People v Van Pelt (76 NY2d 156; CPL 440.20 [1]).
Defendant was convicted after a jury trial of the crimes of *698 murder in the second degree (two counts) and robbery in the first degree. On November 12, 1980 Justice John R. Starkey sentenced defendant to terms of imprisonment of from 20 years to life on the murder counts and 5 to 15 years on the robbery count. The sentences to run concurrently. The Appellate Division, Second Department, reversed defendant’s judgment of conviction because of errors in the trial court’s jury charge (96 AD2d 864).
Defendant was retried before this court without a jury and was convicted of the crimes of murder in the second degree (two counts) and robbery in the first degree. Defendant was sentenced by this court on November 15, 1984 to concurrent indeterminate terms of 12^ to 25 years’ imprisonment on the robbery count and 25 years to life imprisonment on the murder counts. The Appellate Division, Second Department, in November 1987, affirmed defendant’s judgment of conviction (134 AD2d 599). One of the issues raised on defendant’s appeal was whether it was improper for this court to impose a greater sentence after retrial. The appellate court wrote: "[a]lthough a presumption of vindictiveness may arise when a greater sentence is imposed following a retrial, where, as here, the sentences are imposed by different Judges, the presumption is inapplicable and the defendant has to prove actual vindictiveness (see, People v Best, 127 AD2d 671 [lv denied 70 NY2d 642]; Texas v McCullough, 475 US 134). The defendant failed to meet this burden in view of the court’s statement that it was not aware of the prior sentence and was imposing its sentence based on the defendant’s past criminal history and the nature of the instant offenses” (People v Alvarez, 134 AD2d 599, 600; emphasis added). Leave to the Court of Appeals was denied on March 24,1988 (71 NY2d 892).
On June 5, 1990 the Court of Appeals decided People v Van Pelt (76 NY2d 156, supra). In that case the court held that the State’s Due Process Clause makes no distinction between the imposition of a higher sentence after retrial by the same or a different sentencer. In either case the presumption of vindictiveness applies.
CPL 440.20 (2) states that: "2. [n]otwithstanding the provisions of subdivision one, the court must deny such a motion when the ground or issue raised thereupon was previously determined on the merits upon an appeal from the judgment or sentence unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue” (emphasis added).
*699 Since this issue was determined on appeal, the court must decide whether People v Van Pelt (76 NY2d 156, supra) announced a "retroactively effective change in the law” (CPL 440.20 [2]).
A case announces a "new rule” if the result reached was not "dictated” by precedent existing at the time defendant’s judgment of conviction became final[1] (Teague v Lane, 489 US 288, 301; see also, Griffith v Kentucky, 479 US 314, 321, n 6). In People v Pepper (53 NY2d 213, 219) the court referred to new law as an "abrupt change * * * in decisional law”.
The presumption of vindictiveness was formulated by the United States Supreme Court in North Carolina v Pearce (395 US 711 [decided June 23, 1969]).[2] It was based on the Federal Due Process Clause. The presumption was held to be rebuttable by showing that the higher sentence was based upon "events subsequent to the first trial” and not because the defendant was successful on appeal (395 US, supra, at 723).
Later cases held that the presumption of vindictiveness in North Carolina v Pearce (395 US 711, supra) was inapplicable where there were two different sentencers (see, e.g., Colten v Kentucky, 407 US 104 [1972]; Chaffin v Stynchcombe, 412 US 17 [1973]; Texas v McCullough, 475 US 134 [1986], supra).
In Texas v McCullough (475 US 134, supra), decided February 26, 1986, the Supreme Court held that the presumption of vindictiveness did not apply when the original sentence and the higher sentence were imposed by two different sentencers. When there are two different sentencers, the court held, "a *700 sentence 'increase’ cannot truly be said to have taken place” (475 US, supra, at 140) and actual vindictiveness must be proved. Thus, at the time the Appellate Division, Second Department, decided defendant’s appeal (Nov. 1987) the law was that when two different Judges imposed the sentences, the presumption of vindictiveness was inapplicable and defendant had to prove that the higher sentence was imposed because of "actual vindictiveness” (People v Alvarez, 134 AD2d, supra, at 600). The Appellate Division held that defendant failed to meet this burden (People v Alvarez, supra, at 600).
Prior to People v Van Pelt (76 NY2d 156, supra) the courts have never considered New York State’s due process requirement on the issue of increased sentencing as being different from the Federal due process requirement as enunciated in North Carolina v Pearce (395 US 711, supra) and its progeny (see, e.g., People v Miller, 65 NY2d 502 [1985], cert denied 474 US 951; People v Williams, 34 NY2d 657 [1974]; People v Alvarez, 134 AD2d 599 [1987], lv denied 71 NY2d 892 [1988]. supra; People v Best, 127 AD2d 671 [1987], lv denied 70 NY2d 642 [1987]; People v Best, 112 AD2d 942 [1985], lv denied 66 NY2d 917 [1985]; People v Simone, 78 AD2d 685 [1980]; Matter of Avery v Rechter, 71 AD2d 500, 502-503 [1979]; People v Yannicelli, 47 AD2d 911 [1975], mod 40 NY2d 598 [1976]).
In People v Van Pelt (76 NY2d, at 162, supra) the court for the first time imposed a "more protective benefit” of our State due process than its Federal counterpart.
The court finds that Van Pelt (supra) announced a "new rule” (see, People v Pepper, 53 NY2d, supra, at 219).
The court will now determine whether the "new rule” set forth in People v Van Pelt (supra) is to be given retroactive effect to cases which were already final on the date it was decided (People v Pepper, 53 NY2d, at 220, supra).
Decided with People v Pepper (supra) was People v Torres (53 NY2d 213). In Torres the issue was whether People v Samuels[3] (49 NY2d 218) was to be given retroactive application in a collateral attack on a conviction which was final. Sentence had been pronounced on Torres on March 3, 1976. His conviction was affirmed by the Appellate Division, Second Department, on June 26, 1978 (63 AD2d 1033). On August 15, 1978 leave to appeal to the Court of Appeals was denied (45 NY2d *701 831). On January 15, 1980 the Court of Appeals decided People v Samuels (49 NY2d 218, supra). Torres made an application for reconsideration as a result of the Samuels decision.[4] The Court of Appeals held that absent "manifest injustice” Samuels was not retroactive to Torres’ case which was already final when the change in law occurred.
In People v Laffman (161 AD2d 111), involving a collateral attack (CPL art 440), the court held that when a new rule of law has as its purpose "preserving the fact-finding process from unreliably obtained information bearing directly and substantially on a defendant’s guilt or innocence” the new rule should be given retroactive effect, whether on direct review or in a collateral attack (161 AD2d, supra, at 112-113; emphasis added).
Defendant had a full hearing before the Appellate Division, Second Department, as to whether it was improper for this court to impose a greater sentence after retrial. The Appellate Division in November 1987, almost three years prior to the decision in People v Van Pelt (76 NY2d 156, supra), decided the issue against defendant in accord with the law existing at that time (134 AD2d, supra, at 600).
Furthermore, the issue presented by People v Van Pelt (supra) does not involve guilt or innocence (People v Laffman, 161 AD2d 111, supra). It is merely a rule of fairness at a stage of the proceedings where guilt has already been determined either by a jury or by a court without a jury. Making People v Van Pelt (supra) retroactive to cases which are final "would mean that every defendant to whose case it was relevant, no matter how remote in time and merit, would become its beneficiary” (People v Torres, 53 NY2d, supra, at 222; see also, Michigan v Payne, 412 US 47, supra).
Defendant has failed to show, and the court does not find, that denying retroactive effect to People v Van Pelt (76 NY2d 156, supra) to a case which was final when Van Pelt was decided would cause "manifest injustice” (People v Torres, 53 NY2d, supra, at 222; People v Robles, 42 NY2d 1051; People v Rivera, 16 NY2d 879; see also, People v Muller, 11 NY2d 154, cert denied 371 US 850, reh denied 372 US 961; People ex rel. Rodriguez v Harris, 84 AD2d 769, lv denied 55 NY2d 605; cf., *702 People v Wise, 82 AD2d 869; Michigan v Payne, 412 US 47, supra).
There having been no retroactive change in the law, the court must deny the motion because the merits were considered by the Appellate Division, Second Department.
Defendant’s motion is denied in its entirety.

. In People v Pepper (53 NY2d 213, 222, cert denied 454 US 967) the court stated that the "normal appellate process” comes to an end upon the denial of a defendant’s application for leave to appeal to the Court of Appeals. Defendant’s judgment of conviction became "final” when the Court of Appeals denied him leave to appeal to that court (71 NY2d 892).

. In Michigan v Payne (412 US 47), North Carolina v Pearce (395 US 711) was held to be nonretroactive. The United States Supreme Court gave as its reasons the following grounds: 1. The purpose of the Pearce rule is to protect against the possibility that vindictiveness will invade the sentencing process. This purpose does not implicate the " 'fair determination’ of * * * guilt or innocence” (412 US, at 52; exclusions and emphasis in original text); 2. the right created in Pearce was not new, the right to be free from unfair sentencing predated Pearce (412 US, at 55). As these pr e-Pearce cases existed there was less likelihood that nonretroactivity could result in the continued incarceration of those whose sentences rested on unconstitutional grounds (412 US, at 55); and 3. if Pearce were held to be retroactive its rules would apply to "innumerable cases in which no hint of vindictiveness appears” (412 US, at 55); and 4. the decision in Pearce was not foreshadowed by any decision in the Supreme Court (412 US, at 56-57).

. In People v Samuels (49 NY2d 218) the Court of Appeals held that once an accusatory instrument had been filed a defendant cannot waive his right to counsel except in the presence of counsel.

. In the case before the court defendant is in effect asking for reconsideration of the Appellate Division, Second Department’s decision (134 AD2d 599, 600), leave to the Court of Appeals having been denied (71 NY2d 892). (See, People v Torres, 53 NY2d 213, 222, n 2.)