THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OSCAR
MARTINEZ, Defendant-Appellant.

First District (6th Division)   No. 1—06—3281

Opinion filed March 27, 2009.

Michael J. Pelletier and Darrel F. Oman, both of State Appellate
Defender's Office, Jonathan Yeasting, law student, and David C. Thomas, all
of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (James E. Fitzgerald,
Mary Needham, and William L. Toffenetti, Assistant State's Attorneys, of
counsel), for the People.

JUSTICE CAHILL delivered the opinion of the court:

Defendant Oscar Martinez appeals the second-stage dismissal of
his postconviction petition. He argues he is entitled to a new trial

based on the reversal of a codefendant's conviction in a separate appeal. We affirm.

Defendant was tried together with codefendants Ian Bomkamp and Jeff Iniguez for the first degree murder and aggravated battery of Walter Warlyn. A jury found all three men guilty and defendant was sentenced to 50 years in prison. This court affirmed the convictions and sentences of defendant and Bomkamp in a consolidated appeal. See *People v. Martinez*, Nos. 1—02—2299, 1—02—2300 cons. (2005) (unpublished order under Supreme Court Rule 23). In a separate appeal, another panel of this court reversed Iniguez's convictions and sentences and remanded for a new trial. The basis for Iniguez's reversal was the trial court's submission to the jury of Illinois Pattern Jury Instructions, Criminal, No. 3.15 (4th ed. 2000) (IPI Criminal 4th No. 3.15) using the disjunctive word "or." *People v. Iniguez*, 361 Ill. App. 3d 807, 813, 838 N.E.2d 65 (2005), citing *People v. Herron*, 215 Ill. 2d 167, 191, 830 N.E.2d 467 (2005) (giving IPI Criminal 4th No. 3.15 with the "ors" is plain error). In considering other claims of error that could resurface on remand, the *Iniguez* court also held the admission of gang evidence was reversible error. *Iniguez*, 361 Ill. App. 3d at 816-17.

Defendant here filed a postconviction petition after *Iniguez* was decided. Defendant alleged: (1) his counsel was ineffective for failing to challenge IPI Criminal 4th No. 3.15 at trial or on appeal; and (2) he was denied due process and equal protection of the law because the appellate court rejected his gang evidence argument on direct appeal but held the admission of the same gang evidence in *Iniguez* was reversible error. The State moved to dismiss the petition, arguing defendant could not show a substantial deprivation of a constitutional right. The trial court granted the State's motion to dismiss and defendant now appeals.

The Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2006)) provides a means through which a defendant may challenge his conviction or sentence for violations of federal or state constitutional rights. *People v. Pendleton*, 223 Ill. 2d 458, 471, 861 N.E.2d 999 (2006). "To be entitled to postconviction relief, a defendant must show that he has suffered a substantial deprivation of his federal or state constitutional rights in the proceedings that produced the conviction or sentence being challenged." *Pendleton*, 223 Ill. 2d at 471. There may be as many as three stages of postconviction proceedings. *Pendleton*, 223 Ill. 2d at 471-72. At the first stage, the trial court has 90 days to perform an independent review of the petition and decide whether the petition states the gist of a meritorious constitutional claim. *Pendleton*, 223 Ill. 2d at 472. If the petition survives the first

stage, it advances to the second stage, where the State is afforded an opportunity to file responsive pleadings. *People v. Edwards*, 197 Ill. 2d 239, 245-46, 757 N.E.2d 442 (2001). During the second stage, the trial court must decide whether the petition and accompanying documents make a substantial showing of a constitutional violation. *Edwards*, 197 Ill. 2d at 246. If the defendant succeeds in showing a constitutional deprivation, the petition will advance to the third stage and an evidentiary hearing will be held on the petition. *Edwards*, 197 Ill. 2d at 246. If no substantial showing of a constitutional violation is made, the petition will be dismissed. *Edwards*, 197 Ill. 2d at 246. A petition dismissed without an evidentiary hearing is reviewed *de novo*. *People v. Suarez*, 224 Ill. 2d 37, 42, 862 N.E.2d 977 (2007).

Defendant argues his petition made a substantial showing that he was denied effective assistance of counsel. To make a substantial showing of ineffective assistance of counsel, a defendant must show his counsel's performance fell below an objective standard of reasonableness and the defendant was prejudiced by counsel's substandard performance. *People v. Hall*, 217 Ill. 2d 324, 334, 841 N.E.2d 913 (2005), citing *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Failure to satisfy either showing precludes a finding of ineffective assistance of counsel. *People v. Patterson*, 217 Ill. 2d 407, 438, 841 N.E.2d 889 (2005).

Defendant argues he made a substantial showing that he was denied effective assistance of counsel because his counsel failed to challenge the issuance of IPI Criminal 4th No. 3.15 at trial or on appeal. At the time of defendant's trial, IPI Criminal 4th No. 3.15 read:

"When you weigh the identification testimony of a witness, you should consider all the facts and circumstances in evidence, including, but not limited to, the following:

[1] The opportunity the witness had to view the offender at the time of the offense.

[or]

[2] The witness's degree of attention at the time of the offense.

[or]

[3] The witness's earlier description of the offender.

[or]

[4] The level of certainty shown by the witness when confronting the defendant.

[or]

[5] The length of time between the offense and the identification confrontation." Illinois Pattern Jury Instructions, Criminal, No. 3.15 (4th ed. 2000).

The instruction has since been changed to omit the word "or" between

each of the five factors. See Illinois Pattern Jury Instructions, Criminal, No. 3.15 (4th ed. Supp. 2003).

■ This court held as early as 2001, before the conclusion of defendant's direct appeal, that the giving of IPI Criminal 4th No. 3.15 with the "ors" is plain error. See *People v. Gonzalez*, 326 Ill. App. 3d 629, 761 N.E.2d 198 (2001). This conclusion was affirmed in *Herron*, 215 Ill. 2d at 191. The fact that defendant's counsel failed to raise the issue on appeal in light of this case law establishes deficient performance. See *People v. Salazar*, 162 Ill. 2d 513, 522, 643 N.E.2d 698 (1994) (counsel's failure to challenge a jury instruction that was declared invalid in an unrelated proceeding during the pendency of the defendant's direct appeal constituted ineffective assistance of counsel), citing *People v. Logan*, 224 Ill. App. 3d 735, 586 N.E.2d 679 (1991) (appellate counsel's failure to raise meritorious issue on appeal deprived the defendant of effective assistance of counsel).

But this does not end our inquiry. To make a substantial showing of ineffective assistance of counsel, a defendant must also show that he was prejudiced by the giving of IPI Criminal 4th No. 3.15 with the "ors." See *Salazar*, 162 Ill. 2d at 522. If the result at trial would not have been different had the proper instruction been given, the error is harmless. *People v. Ward*, 187 Ill. 2d 249, 265, 718 N.E.2d 117 (1999). Defendant here cannot satisfy the prejudice prong of his ineffective assistance of counsel claim because: (1) the eyewitness's ability to identify defendant was not at issue; and (2) the evidence was not closely balanced.

IPI Criminal 4th No. 3.15 addresses the circumstances of an identification and is given when identification itself is at issue. Defendant does not dispute that Jill DeShon, the eyewitness who implicated him in the murder, made a positive identification. The evidence showed that DeShon had known defendant for years and was with defendant while the events leading up to the crime unfolded. Defendant challenged DeShon's credibility only by arguing she had a motive to lie. IPI Criminal 4th No. 3.15 does not address the motive of an eyewitness to commit perjury.

Nor was the evidence against defendant closely balanced. See *People v. Binion*, 358 Ill. App. 3d 612, 626, 832 N.E.2d 875 (2005) (giving IPI Criminal 4th No. 3.15 with the "ors" is harmless where the evidence against the defendant was not closely balanced). The evidence showed defendant, a gang member, was with the victim, a member of a rival gang, on the night in question. The State's witnesses testified that defendant went with the victim to Legion Park. Once at the park, defendant and codefendants began beating the victim. Codefendant Bomkamp then shot the victim. All three defendants fled the scene.

This court held on direct appeal that the evidence against defendant was overwhelming. Defendant is collaterally estopped from arguing otherwise. See *People v. Tenner*, 206 Ill. 2d 381, 396, 794 N.E.2d 238 (2002).

■ Defendant next argues he made a substantial showing that he was denied due process and equal protection of the law by the different treatment that this court gave to the gang evidence raised in his appeal and in the appeal filed by Iniguez. The panel of this court that decided *Iniguez* held admission of the gang evidence at trial was reversible error. *Iniguez*, 361 Ill. App. 3d at 816-17. But the panel that decided defendant's direct appeal held the same gang evidence was properly admitted to show motive.

In support of his position, defendant cites the rule, ordinarily applied when the constitutionality of a statute or rule is challenged, that equal protection requires the government to treat similarly situated people in a similar manner. See *People v. Breedlove*, 213 Ill. 2d 509, 518, 821 N.E.2d 1176 (2004); *People v. Reed*, 148 Ill. 2d 1, 7, 591 N.E.2d 455 (1992); *Jenkins v. Wu*, 102 Ill. 2d 468, 477, 468 N.E.2d 1162 (1984). Although defendant also cites cases dealing with the equal access to courts, he does not contend that he was denied equal access to appellate review. Rather, defendant argues the review he received was arbitrary in that the only distinction between his review and the review afforded Iniguez was the composition of the appellate court panels. The only case cited by defendant in support of this proposition has no application here, as it addresses only whether a new rule applied to overturn a codefendant's conviction can be applied retroactively to overturn the defendant's conviction. See *People v. Laffman*, 161 A.D.2d 111, 554 N.Y.S.2d 840 (N.Y. App. Div. 1990).

The State argues " '[t]he 14th Amendment does not, in guaranteeing equal protection of the laws, assure uniformity of judicial decisions [citation], any more than, in guaranteeing due process, it assures immunity from judicial error [citations].' " *People v. Clark*, 84 Ill. App. 3d 186, 189, 405 N.E.2d 450 (1980), quoting *Milwaukee Electric Ry. & Light Co. v. Wisconsin*, 252 U.S. 100, 106, 64 L. Ed. 476, 480, 40 S. Ct. 306, 309 (1920). The State's position finds support in *People v. Franklin*, 167 Ill. 2d 1, 656 N.E.2d 750 (1995).

As here, the defendant in *Franklin* attempted to use the reversal of a codefendant's conviction for his own benefit during postconviction proceedings. *Franklin*, 167 Ill. 2d at 12. Our supreme court termed this strategy "offensive collateral estoppel." *Franklin*, 167 Ill. 2d at 11-12. The court held that the defendant was required not only to prove the threshold requirements for collateral estoppel—identity of issues, a final judgment on the merits and identity or privity among

the parties—but also mutuality. *Franklin*, 167 Ill. 2d at 12-13. The mutuality doctrine prohibits a criminal defendant from using an earlier judicial finding against the State unless he himself was bound by the finding. *Franklin*, 167 Ill. 2d at 12. This is because the State's burden differs with respect to each individual defendant and the State's case against one—whether it be at trial or on appeal—will not be the same as its case against another. *Franklin*, 167 Ill. 2d at 13-14.

Defendant argues *Franklin* is not controlling because the codefendants there were tried separately, whereas he and Iniguez were tried together. This distinction is without consequence here. If defendant were relying on a judicial finding made at trial, he may very well be able to prevent the State from taking a position contrary to that finding in a later proceeding. But he is not. Defendant relies on a judicial finding from a direct appeal in which he was not a party. Our supreme court has made clear that "the fundamental differences between the separate trials *and appeals* of two codefendants support the requirement of mutuality in criminal cases." (Emphasis added.) *Franklin*, 167 Ill. 2d at 14.

We believe *Franklin* is dispositive of defendant's postconviction claim. "The acquittal of a codefendant or the reversal of a codefendant's conviction does not establish a status of innocence and should not be given conclusive effect against the State in favor of a stranger to that trial." *Franklin*, 167 Ill. 2d at 14. Because defendant was not a party to the *Iniguez* appeal, he cannot rely on that holding for postconviction relief of an issue decided against him in his own appeal.

Nor were defendant's due process or equal protection rights violated by this court's treatment of his direct appeal. That Iniguez received a new trial from another panel of this court does not rise to a constitutional violation subject to postconviction relief. See *United States ex rel. Bomkamp v. McGann*, No. 06 C 4473 (N.D. Ill. July 24, 2007) (the constitution does not compel uniformity of decisions among appellate panels). "While symmetry of results may be intellectually satisfying, it is not required." *Standefer v. United States*, 447 U.S. 10, 25, 64 L. Ed. 2d 689, 701, 100 S. Ct. 1999, 2009 (1980).

The circuit court order dismissing defendant's postconviction petition is affirmed.

Affirmed.

O'MALLEY, P.J., and McBRIDE, J., concur.